**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Gregory Boyd, et. al. | Civil No.: 24-cv-1569 (PAD) |
| Plaintiffs | |
| v. | |
| Banco Popular de Puerto Rico | |
| Defendant | |

**MOTION TO STRIKE UNAUTHORIZED CLAIMS AND EXHIBITS IN THE SECOND
AMENDED COMPLAINT AND TO DISQUALIFY PLAINTIFFS' COUNSEL**

**TO THE HON. PEDRO A. DELGADO-HERNÁNDEZ, U.S. DISTRICT JUDGE:**

GFC Holdings Limited Liability Company ("GFC") and Biomass Green Fuels, LLC ("BGF") (collectively the "Companies") specially appear through the undersigned counsel to: (i) strike under Fed. R. Civ. P. 12(f)[1] the unauthorized and prejudicial averments, claims, and exhibits presented on their behalf in the Second Amended Complaint (ECF No. 57); and (ii) disqualify the Becker-Vissepó Law Firm (and any other attorneys of record) from representing the Companies in this action, because the "Written Consent of Members" filed at ECF No. 47-1, which was cited to justify such legal representation and the filing of the Second Amended Complaint (ECF No. 57), is null and void. Citing it as a source of binding authority for the Companies' representation constitutes a serious misrepresentation to the Court.

## I.    INTRODUCTION

Gregory Boyd and Jonathan Lassers sought leave to file a second amended complaint to, among other things, include the Companies as party plaintiffs in this action against Banco Popular de Puerto Rico ("Banco Popular").  See ECF No. 47.  In addition, they filed multiple unauthorized,

---

[1] A motion to strike under Federal Rule of Civil Procedure 12(f) is justified if it "may cause some form of significant prejudice to one or more of the parties to the action."   Arthur R. Miller and A. Benjamin Spencer, Fed. Prac. & Proc. Civ., Vol. 5C § 1382 (Thomson Reuters Westlaw 3d ed. May 2025 Update).

privileged, and confidential exhibits in support of their proposed Second Amended Complaint. See ECF No. 50-52.  The Court granted plaintiffs' motion for leave (ECF No. 54-55) and the Second Amended Complaint was filed on July 2, 2025 (ECF No. 57).

Plaintiffs support the Companies' inclusion in this lawsuit based on a "Written Consent of Members" filed at ECF No. 47-1.  They assert that Olmar López Gómez transferred his ownership interests in GFC and BGF to his son, Olmar López Vidal. They further contend that, as a result of this transfer, Mr. López Vidal, along with Mr. Boyd and Mr. Lassers, now control a majority of the membership interests in GFC, which in turn owns BGF. Based on this alleged majority interest and ignoring the terms of GFC's Operating Agreement (see Ex. 1), plaintiffs assert that their attorneys, the Becker-Vissepó Law Firm, are allegedly authorized to appear on behalf of the Companies in this case.

The Court should take judicial notice that Mr. Lassers and Mr. Boyd, together with the Becker-Vissepó Law Firm, made the same misrepresentations in Civil No. 22-1190 (GMM) and the Companies opposed such illegal actions.  See Civil No. 22-1190 (GMM), ECF No. 750, 751 and 753.  What is worse, they implied in Civil No. 22-1190 (GMM) that this Court validated such actions by allowing the Second Amended Complaint and denying Banco Popular's urgent motion at ECF No. 56.  See ECF No. 754.

The Court should strike the allegations, claims and exhibits illegally made and presented on behalf of the Companies in the Second Amended Complaint and disqualify the Becker-Vissepó Law Firm (and any other attorneys of record) from representing the Companies in this action. Alternatively, the Court should enter partial judgment dismissing with prejudice such claims pursuant to the notice of voluntary dismissal the Companies have also filed today together with this motion. Nevertheless, the Court should still strike plaintiffs' exhibits in support of the Second Amended Complaint with an instruction of re-filing those exhibits they legitimately possess and may use and divulge.  As explained below, the Companies' Board of Managers has neither authorized the Becker-Vissepó Law Firm to appear in this case nor the filing of the Second

2

Amended Complaint. The so-called "Written Consent of Members" (ECF No. 47-1) enclosed to plaintiffs' motion for leave to amend is null and void because is in direct conflict with GFC's Operating Agreement, as amended (see Ex. 1).  In addition, the Companies' claims in the Second Amended Complaint are frivolous and, therefore, it unnecessarily exposes the Companies to sanctions, costs, and attorney fees in this action.

## II.      ARGUMENT

### A.      The "Written Consent of Members" (ECF No. 47) is null and void.

Plaintiffs failed to disclose in their motion for leave to amend (ECF No. 47) that eleven days before, on June 19, 2025, the Companies' corporate counsel, *Picó Advisors LLC*, explicitly cautioned them and the Becker-Vissepó Law Firm that the "Written Consent of Members" (ECF No. 47-1) was illegal because it contravened GFC's Operating Agreement, as amended. See Ex. 2.  The plaintiffs know very well, since at least April 7, 2025, that the undersigned is the attorney authorized by the Companies' Board of Managers to represent them in court proceedings.  See Civil No. 22-1190 (GMM) ECF No. 671-672.  Plaintiffs, and their attorneys, however, ignored this communication and chose the path of misrepresentation of facts and inducing the Court to error.

The authority to manage the Companies – including the critical decisions of retaining legal counsel and determining legal strategy – is expressly and exclusively vested in GFC's Board of Managers, as stipulated in the Operating Agreement, to which all members, including the plaintiffs, are parties. See Ex. 1 at 35-37 (§§6.1-6.2). These core management decisions are reserved for the Board and cannot be unilaterally overridden by the members without amending the Operating Agreement, a process requiring the consent of a majority of the holders of Series A units. This required consent of the Series A members is absent from the "Written Consent of Members" plaintiffs filed at ECF No. 47-1, as neither the plaintiffs nor Olmar López Vidal and Olmar López Gómez hold any Series A units. Plaintiffs and their attorneys are aware of this

required consent and yet opted to misrepresent their authority and file the Second Amended Complaint.

The governing Second Amended and Restated Operating Agreement (Ex. 1 at 19-62), specifically section 11.3, has always required the express written consent of both (i) the members holding a majority of common units ***and*** (ii) the Series A holders representing a majority of Series A units for the amendment of the Operating Agreement (Ex. 1 at 53). This Series A approval requirement was not only formally adopted in 2021 with the adoption of GFC's Operating Agreement but was ***reaffirmed and ratified*** by GFC's members, **including the plaintiffs themselves**, in the First Amendment to the Second Amended and Restated Operating Agreement (Ex. 1 at 1-3). Neither the Second Amendment nor the Third Amendment to the Operating Agreement revised such section, therefore maintaining the Series A approval requirement. Given this explicit and repeatedly acknowledged requirement (that any amendment to the Operating Agreement requires the written consent of a majority of the Series A holders, as originally adopted in 2021, reaffirmed in the First Amendment and not revised in any amendments thereafter), the "Written Consent of Members" attached to the plaintiffs' Motion (ECF No. 750-1) is not just legally insufficient, but it is directly ***contradictory*** to the express and previously approved terms adopted by Mr. Lassers and Mr. Boyd. It represents an attempt to undermine a fundamental tenet of the very agreement they helped to establish.

Well-established corporate law principles recognize that it is not the owners of a corporate entity, but rather the company's board of directors, who are called to have the primary responsibility of managing the affairs of a company that is involved in a lawsuit when the operating agreement so provides, as is the case here (Ex. 1 at 35-37 (§§6.1-6.2)).  Puerto Rico law reinforces this principle. See Articles 19.17 and 19.23 of Puerto Rico's Corporation Act, P.R. Laws Annot. Tit. 14 §§ 3967, 3973. Plaintiffs' misrepresentations in their motion for leave to amend violate basic corporate governance principles that mandate the separation of powers between a company's board and its members:

> The most fundamental principles of corporate governance are a function of the allocation of power within a corporation between its stockholders and its board of directors. The stockholders' power is the right to vote on specific matters, in particular, in an election of directors. The power of managing the corporate enterprise is vested in the shareholders' duly elected board representatives....

In re N2N Com., Inc., 405 B.R. 34, 41 (Bankr. D. Mass. 2009) (Feeney, B.J.) (quoting MM Cos., Inc. v. Liquid Audio, Inc., 813 A.2d 1118, 1126–1127 (Del. Super. 2003)).

In sum, the plaintiffs' assertion that a member majority can authorize the relief requested in their motion for leave to amend and to allow the Becker-Vissepó Law Firm to represent the Companies is directly contradicted by two inescapable facts: (i) the Series A members of GFC have not consented to the proposed actions (which would require an amendment to the Operating Agreement to allow the members to override decisions by the Board of Managers); and (ii) the engagement of company counsel remains the exclusive prerogative of GFC's Board of Managers, as it is by nature a managerial decision. Accordingly, the putative "Written Consent of Members" at ECF No. 47-1 is null and void, as explained above and by the Companies' independent corporate counsel *Picó Advisors LLC* (Ex. 2).

**B.    The Second Amended Complaint and some of its enclosed exhibits are prejudicial and expose the Companies to sanctions, costs, and attorney fees in this action and third-party litigation.**

The Second Amended Complaint is frivolous.  Allowing the Second Amended Complaint to go forward unnecessarily exposes the Companies to sanctions, costs, and attorney fees because they are judicially estopped[2] from suing Banco Popular.  The Becker-Vissepó Law Firm should have known better under Federal Rule of Civil Procedure 11 before seeking leave to amend and file the Second Amended Complaint.[3]

---

[2] The federal doctrine of judicial estoppel "prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." Bossé v. N.Y. Life Ins. Co., 992 F.3d 20, 32 (1st Cir. 2021) (quoting InterGen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003)). It "is designed to ensure that parties proceed in a fair and aboveboard manner, without making improper use of the court system." Id. (quoting InterGen N.V., 344 F.3d at 144); see also Diaz-Baez v. Alicea-Vasallo, 22 F.4th 11, 21 (1st Cir. 2021).

[3] Under Rule 11, the motion for leave to amend (ECF No. 47) is frivolous, unfounded, and filed for an improper purpose because it is based on the fraudulent misrepresentation that Gregory Boyd, Jonathan Lassers, and Olmar López Vidal could amend the Operating Agreement without the consent of the Series A members and override the authority vested by the Operating Agreement to the Board of Managers to make the decisions regarding litigation strategy and retention of counsel.  In re Ames, 993 F.3d 27, 34–35 (1st Cir. 2021).

The plaintiffs and the Becker-Vissepó Law Firm should know that the Companies repeatedly acknowledged that they had "*no defenses, off-sets, claims, or counterclaims of any nature … against the Lender [Banco Popular], directly or indirectly related to the Outstanding Indebtedness, the Credit Agreement, and all other Loan Documents,*" and that *"any and all such defenses, off-sets, claims and counterclaims*" were "*expressly and forever waived and released*." See Section 1(a) and (b) of Exhibits 48 to 53 to plaintiffs' Second Amended Complaint, ECF No. 50-8 through 50-13.  The Companies again reiterated that they released Banco Popular from all claims in the January 2025 Asset Acquisition Agreement.[4] And, as plaintiffs and their counsel well know, in Banco Popular de Puerto Rico v. Biomass Green Fuels LLC, Civil No. SJ2024CV04616, Court of First Instance, San Juan Part, there is a partial judgment issued since December 27, 2024[5] where the Companies, as borrowers, admitted the principal and interest amount owed under the loan documents to Banco Popular.[6]

Moreover, plaintiffs and their counsel filed the proposed Second Amended Complaint accompanied by dozens of exhibits (ECF No. 47-52). Several of the exhibits are confidential and/or include sensitive information that, if counsel were acting in the best interests of the Companies, would not have filed them (or at the very least not in public viewing mode). Filing such information publicly exposes the Companies to losing the protection of confidentiality, competitive advantages, and to potential claims by third parties related to the breach of the

---

[4] This document, which is confidential, was unlawfully included by plaintiffs with the filing of the second amended complaint (see ECF No. 52-5), thereby exposing the Companies to prejudice and potential claims. As discussed below, the Court should strike the exhibits to the second amended complaint to avoid further prejudice to the Companies.

[5] The Court may take judicial notice of the Puerto Rico court proceedings.  Díaz-Morales v. Rubio-Paredes, 170 F. Supp. 3d 276, 281 n. 2 (D.P.R. 2016).  The partial judgment dated December 24, 2024 and notified on December 27 is publicly available through SUMAC at docket entry # 192.  Moreover, the Companies accepted in an opposition to motion for summary judgment (SUMAC dkt # 162) that they did not have admissible evidence to contest the debt owed under the loan documents and just disagreed on the portion of reimbursement of costs and fees incurred by Banco Popular in Civil No. 22-1190 (GMM) because those fees should not be paid when the Companies were involuntarily sued as nominal defendants in that action.

[6] "A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., 976 F.2d 58, 61 (1st Cir. 1992); see also Atlas Glass & Mirror, Inc. v. Tri-N. Builders, Inc., 997 F.3d 367, 373 (1st Cir. 2021). "Unlike ordinary admissions, which are admissible but can be rebutted by other evidence, judicial admissions are conclusive on the party making them." Id., at 373.

confidentiality. Indeed, at least one of the exhibits includes information that is covered by privilege, a privilege which belongs to the Companies and which, therefore, cannot be validly waived by any of the Members.

Underscoring both the prejudice and the unavoidable conflict of having plaintiffs' counsel pretend to act as counsel for the Companies, one of the exhibits which plaintiffs improperly filed includes a confidential and privileged discussion precisely as to the potential claims of the Companies against co-plaintiff Boyd. See ECF No. 51-9 at 2-3. The conflict is apparent not only there, but from the open and clear adversity between plaintiffs and the Companies in the parallel litigation taking place before this Court in Civil No. 22-1190. See Civil No. 22-1190, ECF No. 753. The fact that plaintiffs caused the disclosure of confidential (and even privileged) information in this case without authorization - not to mention causing their attorney to act as the Companies' attorney without permission and in contravention of the Companies' corporate counsel's instructions (Ex. 2) and best interests - adds additional potential adversity to that already existing between plaintiffs and the Companies. For example, and without limiting or waiving any potential claim, if the Companies are sued for the unlawful disclosure of confidential information, they would have a right to add plaintiffs as defendants and seek indemnification from them for all damages caused by their actions.

Representation of the Companies by the same lawyers who represent plaintiffs, who are already adverse and are subject to additional potential adversity with the Companies, is untenable. Even if the Companies had lawfully determined to join this litigation as plaintiffs -and they have not- they could not be represented by the same lawyers as plaintiffs. Hence, disqualification of the Becker-Vissepó Law Firm and any other plaintiffs' attorney would in any event be necessary and urgent.

Accordingly, striking those allegations, claims, and exhibits made and presented by the Becker-Vissepó Law Firm in the Second Amended Complaint on behalf of the Companies is warranted to avoid the prejudicial effect of sanctions, costs, and attorney's fees against them.

7

Given that the plaintiffs included with their amended pleadings exhibits that are not public, and are confidential and/or privileged, the exhibits to the Second Amended Complaint should likewise be struck, without prejudice of plaintiffs re-filing those exhibits that they legitimately possess and may use.

### III. CONCLUSION

The Court should strike the allegations, claims, and exhibits illegally presented in the Second Amended Complaint on behalf of the Companies under Rule 12(h) and disqualify the Becker-Vissepó Law Firm and any other plaintiffs' attorney as their counsel.  Alternatively, the Court should enter a partial judgment allowing the Companies to voluntarily dismiss with prejudice those claims in the Second Amended Complaint unlawfully made by the Becker-Vissepó Law Firm on their behalf pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) as Banco Popular has not answered the complaint.  The Companies are separately filing a notice of voluntary dismissal on even date. In that case, the Court should nonetheless strike the Complaint exhibits to avoid further prejudice against the Companies, without prejudice of Plaintiffs re-filing those exhibits they legitimately possess and may use and divulge.

WHEREFORE, the Companies respectfully request the Court to grant this motion for the reasons set forth above.

### CERTIFICATE OF SERVICE

I hereby certify that on this same date, a true and exact copy of this motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send a notification thereof to the attorneys and parties registered therewith.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 11th day of July 2025.

**ABESADA LAW OFFICES**
Counsel for GFC Holdings, LLC and
Biomass Green Fuels LLC
1357 Ashford Ave. 2-184
San Juan, Puerto Rico 00907
Tel. (787) 948-5131
ra@abesada.com


*/s/ Roberto Abesada-Agüet*
USDC-PR No. 216706