| | |
|---|---|
| Gregory Boyd, et. al.<br><br>Plaintiffs<br><br>v.<br><br>Banco Popular de Puerto Rico<br><br>Defendant | Civil No.: 24-cv-1569 (PAD) |

**REPLY IN FURTHER SUPPORT OF:**
**"MOTION TO STRIKE UNAUTHORIZED CLAIMS AND EXHIBITS IN THE SECOND
AMENDED COMPLAINT AND TO DISQUALIFY PLAINTIFFS' COUNSEL"**

**TO THE HON. PEDRO A. DELGADO-HERNÁNDEZ, U.S. DISTRICT JUDGE:**

GFC Holdings Limited Liability Company ("GFC") and Biomass Green Fuels, LLC ("BGF") (collectively the "Companies"), under Local Civil Rule 7(c), respectfully reply to plaintiffs' opposition to motion to strike (ECF No. 76) as follows:

1. The Companies moved to strike the unauthorized claims plaintiffs[1] illegally made on their behalf in the Second Amended Complaint (ECF No. 57) as well as the confidential exhibits enclosed therewith. In addition, the Companies requested the Court to disqualify plaintiffs' attorneys as purported counsel of the Companies in this action.  See ECF No. 62.[2]

2. The plaintiffs opposed the Companies' motion to strike.  See ECF No. 76.  The plaintiffs argue that a minority of the Companies' owners are attempting to dismiss a valid Anti-Tying case to conceal misconduct and unauthorized liquidation of assets. They assert that the "Written Consent of Members" (ECF No. 47-1) is valid, that GFC's Board of Managers has

---

[1] The Companies refer to the "plaintiffs" as Gregory Boyd and Jonathan Lassers.

[2] The Companies explained in their motion to strike that GFC's Board of Managers had neither authorized the Becker-Vissepó Law Firm to appear in this case nor the filing of the Second Amended Complaint (ECF No. 57). The Companies explained that the "Written Consent of Members" (ECF No. 47-1) enclosed to plaintiffs' motion for leave to amend (ECF No. 47) is null and void because is in direct conflict with GFC's Operating Agreement, as amended (see ECF No. 64-1).  In addition, the Companies argued that the alleged claims made by the plaintiffs on their behalf in the Second Amended Complaint are frivolous and, therefore, unnecessarily exposes the Companies to sanctions, costs, and attorney fees in this action.

supposedly forfeited its authority due to conflicts of interest and breaches of fiduciary duty, and that the Second Amended Complaint seeks to vindicate valuable claims against defendant Banco Popular de Puerto Rico ("Banco Popular"). The plaintiffs contend that the "Abesada faction"[3] benefitted individually from the sale (ECF No. 76-1), that judicial estoppel does not apply, and that the exhibits enclosed to the Second Amended Complaint are justified. They also maintain that disqualification of their counsel is unwarranted, as they represent the majority's interests without conflict.

3.      As a threshold matter, the sole issue before the Court regarding the Companies' motion to strike (ECF No. 62) is whether plaintiffs' counsel may also represent the Companies in this action and file claims on their behalf in the Second Amended Complaint against Banco Popular. The plaintiffs, however, ask the Court to extend its jurisdictional boundaries[4] to determine that "the Board of Managers… has forfeited its authority through conflicts of interest and breaches of fiduciary duty, including an improper asset sale without unanimous member approval" (see ECF No. 76 at 2-3). This is a distinct issue, based on different factual allegations, and is unrelated to the present case, particularly because Banco Popular is *not* a party to the putative "improper asset sale" (ECF No. 76-1) and the purchaser is *not* a party in this action. The Court cannot presume these allegations to be true, especially given the presumption of the business judgment rule, which upholds the validity of corporate transactions approved by a company's board of managers.[5]  Therefore, no further substantive response is necessary to plaintiffs' ill-conceived

---

[3]  Plaintiffs' opposition, besides referencing the undersigned attorney on more than a dozen occasions instead of the parties he represents, uses unnecessary accusatory rhetoric.  In the past, such conduct has been categorized as uncivil.  See, e.g., Delgado-Rodriguez v. BCBG Max Azria Grp., Inc., No. CIV. 12-1085 JAG, 2013 WL 1314773, at *2 (D.P.R. Mar. 27, 2013) (admonishing plaintiff's counsel about her "distasteful tone" which included "a litany of personal attacks" against opposing counsel and prohibiting the future filing of motions addressed against opposing counsel rather than against the party).

[4] Council of Unit Owners of Wisp Condo., Inc. v. Recreational Indus., Inc., 793 F. Supp. 120, 122 (D. Md.1992) (Smalkin, J.) (lack of supplemental jurisdiction to rule on a preliminary injunction motion based on post-complaint facts which were distinct from the original allegations of the complaint).

[5] "The Business Judgment Rule creates a presumption that in making a business decision, directors acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company." Fed. Deposit Ins. Corp. v. Arrillaga-Torrens, 212 F. Supp. 3d 312, 341 (D.P.R. 2016) (Delgado-Hernández, J).

arguments about GFC's Board of Managers alleged lack of good faith and breach of fiduciary duty.

4.      Furthermore, plaintiffs' reliance on <u>Gatz Properties, LLC v. Auriga Capital Corp</u>., 59 A.3d 1206 (Del. 2012), is misplaced, as that case pertains to a majority owner-manager of a limited liability company who breached fiduciary duties by refusing to negotiate with a third-party bidder and orchestrating a sale to himself at an unfair price through a flawed auction process he engineered.  Such action triggered the minority members' complaint against the manager. That is not the case here.  This is not a case between the members of the Companies, or between some members and the Board. Here, before the Court is an action by two of GFC's members brought against a third party (Banco Popular) who now attempt to turn into a claim by the Companies without the express approval of GFC's Board of Managers. Further, any criticism that plaintiffs may have of the *confidential* Asset Acquisition Agreement (ECF No. 76-1)[6] is frankly irrelevant. Such agreement is valid and in full force and has no relation to this case.

5.      Plaintiffs' opposition relies on a fundamental misinterpretation of the Operating Agreement (ECF No. 64-1) and a disregard for the corporate governance framework they previously agreed to uphold. Their assertion that the "Written Consent of Members" (ECF No. 47-1) authorizes a group of members to override the authority of GFC's Board of Managers is unsupported by the Operating Agreement's clear terms. The Operating Agreement explicitly grants exclusive management authority to the Board of Managers, including critical decisions concerning litigation and the retention of legal counsel. <u>See</u> ECF No. 64-1, §§ 6.1–6.2 at 36–37. Any attempt to alter this allocation of authority would require an amendment to the Operating Agreement under section 11.3 (<u>Id</u>., at 53), which in turn requires the consent of <u>both</u> (a) "the Majority Approval of the Members" <u>and</u> (b) "the holders of a majority of the Series A Preferred

---

[6] The Asset Acquisition Agreement is confidential and the plaintiffs, once again, have filed it for public viewing. <u>See</u> ECF No. 76-1. This contract has a confidential clause at section 3.7(c), pages 20-21.  The Court should strike this document from the record as requested in the Companies' motion at ECF No. 62.

Units." <u>Id</u> at 53.[7] There has been no lawful amendment to the Operating Agreement (counting with both the majority of the members and a majority of the Series A members) to deprive the Board of Managers of its authority to manage legal affairs. As such, no "Written Consent" by any group of members can override the management decisions of the Board of Managers, including as to selection of counsel and management of legal affairs. The opposition's reliance on the purported "Written Consent" (ECF No. 47-1) is therefore misplaced. Their selective and overly narrow interpretation of the Operating Agreement is insufficient to uphold the purported "Written Consent" and constitutes an attempt at improper circumvention of the established governance structure, one that plaintiffs previously endorsed by their approval of the Operating Agreement, as amended.

6.      Finally, plaintiffs' remaining arguments, especially those against their attorneys' disqualification because of their conflict of interest, do not require a further response as this matter has been fully briefed in the Companies' motion to strike (ECF No. 62) and very recently by Banco Popular in Civil No. 22-1190 (GMM) at ECF No. 776. The Companies simply add that Plaintiffs' insistence on filing confidential documents on a public basis and publishing privileged documents[8] exemplifies the fact that plaintiffs and their counsel are not acting in the Companies' best interests.

WHEREFORE, the Companies respectfully request the Court to take into consideration this reply to grant its motion to strike at ECF No. 62.

---

[7] Section 11.3 was amended by section 14 of the First Amendment to the Second Amended and Restated Operating Agreement to reinforce and provide further powers to the Series A Members. <u>See</u> ECF No. 64-1 at 8-14.

[8] The opposition states that the attorney-client privilege was waived when Olmar López Vidal produced the documents to plaintiffs. That is obviously incorrect. The Companies' Board Minutes including legal analysis and advice from the Companies' attorneys, through the Board, are privileged and the privilege belong to the Companies. Mr. López Vidal is not the privilege holder and cannot lawfully waive such privilege. <u>See</u> 1 McCormick on Evidence, Sec. 93 (9th Ed.) (explaining that only the client, as holder of the privilege, can waive it and adding that "[i]n the case of the corporation, the power to claim or waive the privilege generally rests with corporate management, i.e., ultimately with the board of directors.")

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, a true and exact copy of this motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send a notification thereof to the attorneys and parties registered therewith.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of August 2025.

**ABESADA LAW OFFICES**
Counsel for GFC Holdings, LLC and
Biomass Green Fuels LLC
1357 Ashford Ave. 2-184
San Juan, Puerto Rico 00907
Tel. (787) 948-5131
ra@abesada.com


*/s/ Roberto Abesada-Agüet*
USDC-PR No. 216706