# Exhibit 1

# Department of Justice

**FOR IMMEDIATE RELEASE**
**THURSDAY, JANUARY 16, 2003**
**WWW.USDOJ.GOV**

**CRM**
**(202) 514-2008**
**TDD (202) 514-1888**

## BANCO POPULAR DE PUERTO RICO ENTERS INTO DEFERRED PROSECUTION AGREEMENT WITH U.S. DEPARTMENT OF JUSTICE

**WASHINGTON, D.C.** – Assistant Attorney General Michael Chertoff of the Justice Department's Criminal Division, U.S. Customs Commissioner Robert C. Bonner, David Palmer, Chief, Criminal Investigation, Internal Revenue Service, James Sloan, director of the Financial Crimes Enforcement Network (FinCEN), and Jennifer J. Johnson, secretary for the Board of Governors of the Federal Reserve System, announced today that Banco Popular de Puerto Rico will forfeit $21.6 million to the United States as part of a deferred prosecution agreement on charges of failing to report suspicious financial activity.

A criminal information filed today at U.S. District Court in the District of Puerto Rico charges Banco Popular with one count of failing to file Suspicious Activity Reports (SARs) in violation of Title 31 USC 5318(g)(1) and 5322(a). Banco Popular waived indictment, agreed to the filing of the information, and accepted and acknowledged responsibility for its behavior in a factual statement accompanying the information. The company will forfeit $21.6 million to the United States to settle any and all civil claims held by the government. In light of the bank's remedial actions to date and its willingness to acknowledge responsibility for its actions, the government will recommend to the court that any prosecution of the bank on the criminal charge be deferred for 12 months, and eventually dismissed with prejudice if the bank fully complies with its obligations. Concurrently, FinCEN has assessed a $20 million civil money penalty for violations of the Bank Secrecy Act against Banco Popular for its conduct, which will be deemed satisfied by the payment of the $21.6 million forfeiture.

"Banks are our first line of defense against money launderers, drug dealers and even terrorists who would attempt to abuse our financial institutions," said Assistant Attorney General Chertoff. "Banks that disregard their duty to conduct adequate due diligence and report suspicious financial activities allow themselves to be exploited for criminal purposes. Today's agreement recognizes that Banco Popular has been forthright in accepting its responsibility."

The charges and the deferred prosecution agreement filed today arose out of transactions conducted by and through Banco Popular between June 1995 and June 2000. During this time, several unusual or suspicious transactions were conducted in connection with certain accounts at Banco Popular. Although the bank filed Suspicious Activity Reports (SARs) on these accounts, they were untimely or, in some cases, inaccurate.

In one series of transactions, Roberto Ferrario Pozzi deposited approximately $20 million in cash into a Banco Popular account from June 1995 to March 1998. Deposits were made to the account by Ferrario and employees of Phone Home – a phone card, long distance and money transmission service – often in paper bags or gym bags filled with small-denomination bills. Despite the suspicious nature of the deposits, the bank did not investigate and file timely and complete SARs reporting the activity. These untimely filings, the absence of supplementary SARs and the errors in the SARs that the bank did file hindered law enforcement's ability to initiate investigations on these accounts in a timely manner, resulting in the laundering of millions of dollars of drug proceeds through these accounts. Ferrario was indicted in December 1998 for money laundering in connection with certain deposits to Banco Popular and was sentenced to 97 months imprisonment in 2002.

Under the Bank Secrecy Act, banks are required to have comprehensive anti-money laundering programs that enable them to identify and report suspicious financial transactions to the U.S. Treasury Department's Financial Crimes Enforcement Network. As part of their anti-money laundering programs, banks must report suspicious activities through the filing of SARs. Since April 1, 1996, banks have been required to submit SARs to FinCEN in all instances in which one or more transactions aggregate $5,000 or more, and the bank knows or suspects the transaction involves, or is conducted to conceal, funds derived from illegal activities or may be used to evade a law or a reporting requirement. The SARs are a critical tool in law enforcement's efforts to investigate and prosecute cases.

"The lengthy U.S. Customs/IRS investigation into Banco Popular de Puerto Rico established that millions of dollars worth of drug proceeds were laundered through this bank over a period of several years," Customs Commissioner Bonner said. "In some cases, gym bags full of cash were literally brought into the bank for deposit by money launderers. Despite its legal obligation to report these suspicious transactions to the government in a timely manner, Banco Popular, in some cases, chose not to report these transactions until years after the fact – and did so only after learning about the U.S. Customs/IRS investigation into the bank."

David Palmer, Chief, Criminial Investigation, IRS, stated: "The information filed today should send a clear message that financial institutions who serve as a conduit for criminal activity will be pursued. Money laundering is a serious crime that affects not only those persons directly involved, but the economy as a whole."

James Sloan, director of FinCEN, noted that the BSA is designed to help prevent criminals from using the financial system to perpetrate criminal activity and to alert law enforcement when attempts are made to abuse the system.

"Most banks and other financial institutions throughout the United States have excellent programs in place to help ensure that they are not vulnerable to illegal exploitation and their record of BSA compliance is extremely good," Sloan said. "However, the American people have a right to expect that when an institution violated the trust of its account holders and its responsibility to preserve the integrity of its operations, it will face public scrutiny and severe penalties."

Chertoff, the head of the Criminal Division, praised the investigative efforts of the Internal Revenue Service and the U.S. Customs Service, which spanned more than four years. He also thanked the Board of Governors of the Federal Reserve System for their support and assistance. The case was prosecuted by the Criminal Division's Asset Forfeiture and Money Laundering Section – Chief John Roth, Deputy Chief Michael Davitt, and trial attorneys Stephen May, Cynthia Stone and Robert Boyer.

Approximately two years ago, the city of San Juan, Puerto Rico, was designated as one of four "High Intensity Financial Crimes Areas" nationwide. This designation resulted in the formation of a multi-agency task force that investigates financial crimes, mainly those dealing with SARs that are filed by financial institutions in Puerto Rico and the U.S. Virgin Islands.

###

03-024