July 21, 2025

To: All Members of GFC Holdings Limited Liability Company

From: The Board of Managers

Re: Response to Purported Written Consents and Board Authority

Dear Members,

We write to you in our capacity as the Board of Managers (the "Board") of GFC Holdings Limited Liability Company to address the recent actions taken by certain common unit holders who have issued purported written consents in their capacity as the "*Majority*" of the Members. These consents, dated June 13, 2025 and July 3, 2025, attempt to unlawfully direct or override the governance of the Company. The Board must address these actions to ensure clarity regarding the governance structure set forth in the Second Amended and Restated Operating Agreement, as amended (the "OA"), and to protect the integrity of the Company's governance and the lawful and binding agreements among the Company's members.

I.      Exclusive Management by the Board.

As clearly established in Article VI of the OA, the Company is to be managed exclusively by the Board. The members' powers are limited to those expressly reserved to them in the OA or applicable law. The issuance of written consents by a subset of members attempting to direct managerial decisions, without amending the OA through proper procedure to give them such power, is a direct violation of its terms. The Board continues to serve as the sole governing authority of the Company, pursuant to the OA, and will continue to carry out its fiduciary obligations accordingly.

II.      Reaffirmation of Managerial Authority and Prior Legal Notice.

The Board has been informed of a purported transfer of units from Mr. Olmar López Gómez to Mr. Olmar López Vidal. Such transfer does not result in an amendment to the OA and the Board continues to serve as the exclusive manager of the Company under the current OA. This position has already been communicated to the common unit holders and their legal counsel, including through a letter sent by the Company's corporate counsel (see copy of such communication attached). Any amendment to the OA to alter its corporate governance structure would need to comply with the amendment provisions of the OA, including those requiring Series A consent. To date, no such amendment has been proposed or effected.

Given the above, and pursuant to the Board's authority under the OA, the Board considers the written consents issued by the self-identified "*Majority*" of the members, and the signatories attempt to usurp managerial powers reserved exclusively to the Board, null and void and are therefore without legal effect. This conclusion was communicated to the common unit holders prior to the issuance of their second written consent dated July 3, 2024.

We should note, also, that despite the Board's efforts to inform the common unit holders and their counsel of their rights and obligations under the OA, they have elected to pursue their unlawful actions by filing several motions that seem intended to mislead the Courts. Such filings have required the Company's opposition, which has resulted in additional expenses that adversely affect the Company and its members, by causing it to expend the few resources available to it.

Please note that Board member Mr. Olmar López Vidal has not participated in the drafting or approval of this letter, given that it addresses matters in which he has a direct, contravening and conflicting interest, namely, his acquisition of additional units and his participation in the contested written consents. The remaining disinterested majority of the Board unanimously authorizes and adopts the contents of this communication.

The Board remains committed to operating the Company in accordance with its governing documents and applicable law. Should any member have questions or require further clarification, we are available to discuss these matters.

Sincerely,

Signed by:
D3745C236430466...
Alexander Borschow

Signed by:
*Juan Goytía*
5A1E0F5EA942473...
Juan Goytía

Signed by:
*Javier Feliciano*
12A43F9CF84F48C...
Javier Feliciano

Docusign Envelope ID: 83AAD8D5-B741-44DF-B65E-EE1FE87BBB67



June 19, 2025

**VIA ELECTRONIC CORRESPONDENCE**:

Jane A. Becker Whitaker, Esq.
Becker & Vissepó, P.S.C.
1225 Ave. Ponce de León Suite 1102
San Juan, PR 00907
janebeckerwhitaker@yahoo.com
jbecker@caribe.net

Dear Ms. Becker:

We issue this communication on behalf of GFC Holdings Limited Liability Company, a Puerto Rico limited liability company (the "Company"), as its corporate counsel and pursuant to a request from Attorney Roberto Abesada, Esq., the Company's litigation counsel, and the Company's Board of Managers. It is intended to clarify that there have been no changes to the composition of the Company's Board of Managers and that certain purported actions pertaining to the Company's governance - whether amending the Operating Agreement (as defined below), appointing or removing Managers, or revoking prior managerial decisions, including changes to the Company's legal strategy or legal representation in ongoing litigation - are null and void, as the process for their alleged approval does not comport with the requirements set forth in the Company's Operating Agreement.

We have been made aware that certain individual members of the Company, who hold common units of membership interest therein, have made or caused to be made certain representations to third-parties, including assertions of changes to the Company's corporate governance (i. e. changes to the composition of the Board of Managers and subsequent reversals of prior Board of Managers decisions), which are false or misleading.

The Company's governance structure is established by its Second Amended and Restated Operating Agreement dated October 20, 2021, as amended by a First Amendment dated May 22, 2023, a Second Amendment dated August 25, 2023, and a Third Amendment dated September 18, 2024 (collectively, the "Operating Agreement"). The documents circulated by the aforementioned common unit holders (including a Written Consent dated June 13, 2025) fail to satisfy the requirements of the Operating Agreement pertaining to amendment of its terms. Accordingly, any purported amendments to the Operating Agreement are ineffective and any actions predicated upon such amendments are invalid and unenforceable.

In addition, the Operating Agreement provides that the Company is to be managed exclusively by its Board of Managers. The documents circulated by the aforementioned common unit holders reflect actions by a group of members of the Company, whose manner of approval is in direct contravention of the management provisions of the Operating Agreement. Managerial actions purportedly taken by any individual member on behalf of the Company without the authorization of the Board of Managers are both procedurally and substantively defective. As such, all managerial actions allegedly authorized pursuant to the Written Consent dated June 13, 2025 are ultra-vires and, consequently, null and void and without any legal effect on the Company. Moreover, any action intended to mislead a third-party into believing otherwise and to cause such third-party to act in reliance thereon is a fraudulent misrepresentation, for the consequences of which the persons making the misrepresentation will be wholly liable under applicable civil and criminal law.



We reiterate that, contrary to the statements made by certain holders of common membership interests in the Company last week, there has been no amendment to the Company's Operating Agreement, the management of the Company lies exclusively with its Board of Managers, the current composition of such Board of Managers is consistent with the provisions of the Operating Agreement and remains unchanged since March 31, 2025, any and all managerial decisions of the Company need to be approved by the Board of Managers, and any contrary assertions by individual members have no effect under the Operating Agreement and may expose any members making such assertions to civil and criminal liability.

Cordially,

Guillermo R. Picó

c:      Members of the Board of Managers of
         GFC Holdings Limited Liability Company

         Roberto Abesada, Esq.