# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

GREGORY BOYD; <u>ET AL</u>.,

    **Plaintiffs,**

      **v.**

**BANCO POPULAR DE PUERTO RICO**

    **Defendant.**

**CIVIL NO. 24-1569 (PAD)**

## MINUTES OF PROCEEDINGS: MOTION HEARING

A motion hearing was held today before the undersigned. Present were Attorneys Jane A. Becker-Whitaker, Jean Paul Vissepó-Garriga, and Luis E. Miñaña on behalf of the plaintiffs; María E. Martínez-Casado and María Dolores Trelles-Hernández on behalf of Banco Popular de Puerto Rico; and Roberto Abesada-Aguet on behalf of GFC Holdings, LLC ("GFC") and Biomass Green Fuels, LLC ("BGF"). Gregory Boyd was also present in his personal capacity as co-plaintiff. The hearing started at 9:43 a.m. and ended at 10:08 p.m.

The undersigned explained that the purpose of the hearing was to identify a procedural mechanism to resolve the controversy on whether counsel for plaintiffs are the true and proper legal representatives of GFC and BGF. It was noted, however, that on August 12, 2025, Judge Méndez-Miró issued a Memorandum & Order (Docket No. 800) in the case of <u>Gregory Boyd; et al.</u> v. <u>Olmar López-Vidal; et al.</u>, Civil No. 22-1190 adjudicating that controversy, concluding that counsel for plaintiffs are not the actual and proper legal representatives of GFC and BGF. After careful, consideration, the court agrees with Judge Méndez-Miró. In this context, the court presented the parties with two options going forward:

- **Plan A**: The parties would agree to stay the case pending the outcome of <u>Gregory Boyd; et al.</u> v. <u>Olmar López-Vidal; et al.</u>, Civil No. 22-1190 which is presently before Judge Méndez Miró. In this scenario, the case would be administratively closed and any of

the parties may apply to re-open it by motion. After briefing, the court would rule on the matter.[1]

- **Plan B**: The Court would grant Attorney Abesada's "Notice of Voluntary Dismissal" at Docket No. 62 and, conversely, deny plaintiffs' "Motion to Withdraw the Notice of Voluntary Dismissal" (Docket No. 77). Thus, only Gregory Boyd and Jonathan Lassers would remain as plaintiffs. The parties would then submit simultaneous briefs **by August 22, 2025**, on the issue of the standing of those two plaintiffs. If the court were satisfied that there is standing, a Case Management Order would be entered and discovery shall ensue but, if not, the case would be dismissed. Meanwhile, Attorney Abesada's "Motion to Strike" (Docket No. 62) would be granted in part insofar as the claims by BGF and GFC would have been voluntarily dismissed but denied without prejudice as to the exhibits.[2]

In this light, the parties were ordered to file motions by **Tuesday, August 19, 2025**, on whether they consent to Plan A. In the absence of unanimity, Plan B would enter into effect and briefs on standing would be due on **August 22, 2025**.[3]

      **SO ORDERED.**

      In San Juan, Puerto Rico, this 14th day of August 2025.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[1] The court observed that this case should not be used as a second bite at the apple in connection with any other case.

[2] Attorney Abesada may refile a Motion to Strike specifying which exhibits he moves to strike and why. Attorney Becker expressed interest in attempting to stipulate some of those exhibits and the court encourages the parties to attempt to reach an agreement.

[3] Plaintiffs proposed a "Plan C" whereby they would add another member of BGF and GFC as co-plaintiff. Defendant, however, contended that such a modification would not solve the standing issue. The court made no expression as to that possible plan.