**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

GREGORY BOYD, JONATHAN LASSERS,

          Plaintiffs,

        v.

BANCO POPULAR DE PUERTO RICO,

          Defendant.

Civil Action No.:  3:24-cv-01569-PAD

Hon. Pedro A. Delgado-Hernandez

**DEFENDANT'S MEMORANDUM OF LAW ADDRESSING
PLAINTIFFS' LACK OF STANDING TO BRING THE CLAIMS
<u>ASSERTED IN THE SECOND AMENDED COMPLAINT</u>**

August 22, 2025

**TABLE OF CONTENTS**

*Page*

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................2

       A.       The First Amended Complaint.................................................................2

       B.       BPPR's Motion to Dismiss ....................................................................2

       C.       The Second Amended Complaint ...........................................................2

       D.       The August 14, 2025 Motion Hearing ...................................................3

ARGUMENT.......................................................................................................................4

I.      Plaintiffs Do Not Allege That They Suffered a Direct Injury ........................................5

II.     Plaintiffs Do Not Plead Standing To Sue Derivatively on BGF's Behalf..........................9

CONCLUSION...................................................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bishay* v. *Am. Isuzu Motors, Inc.*,
404 F.3d 491 (1st Cir. 2005) .................................................................................................7

*Bray* v. *Bank of America*,
2014 WL 5783039 (E.D. Mo. 2014) .......................................................................................8

*Bray* v. *Bank of Am.*,
611 F. App'x 888 (8th Cir. 2015) ............................................................................................8

*Bray* v. *Bank of Am.*,
2016 WL 687818 (E.D. Mo. Feb. 19, 2016) ...........................................................................8

*Costner* v. *Blount National Bank of Maryville, Tennessee*,
578 F.2d 1192 (6th Cir. 1978) ................................................................................................8

*González Turul* v. *Rogatol Distributors, Inc.*,
951 F.2d 1 (1st Cir. 1991) .......................................................................................................9

*Hochendoner* v. *Genzyme Corp.*,
823 F.3d 724 (1st Cir. 2016) ...................................................................................................5

*Las Marías Farm Corp.* v. *Toledo Fernández*,
2009 WL 10718926 (D.P.R. Mar. 11, 2009) ..........................................................................6

*Mid-State Fertilizer Co.* v. *Exch. Nat'l Bank of Chicago*,
877 F.2d 1333 (7th Cir. 1989) .............................................................................................6, 7

*Pagán* v. *Calderón*,
448 F.3d 16 (1st Cir. 2006).....................................................................................................5

*Swerdloff* v. *Miami National Bank*,
584 F.2d 54 (5th Cir. 1978) ....................................................................................................7

*Unión de Empleados de Muelles de P.R. PRSSA Welfare Plan* v. *UBS Fin. Servs.
Inc. of P.R.*,
2013 WL 12237669 (D.P.R. July 9, 2013) .............................................................................4

*Unión de Empleados de Muelles de Puerto Rico PRSSA Welfare Plan* v. *UBS Fin.
Servs. Inc. of Puerto Rico*,
704 F.3d 155 (1st Cir. 2013).....................................................................................................9

*United States* v. *AVX Corp.*,
962 F.2d 108 (1st Cir. 1992).....................................................................................................4

**Statutes**

12 U.S.C. § 1972(1)(C)............................................................................................2

12 U.S.C. § 1975.....................................................................................................2

P.R. Laws Ann. tit. 31, §3374..................................................................................4

Defendant Banco Popular de Puerto Rico ("BPPR") respectfully submits this memorandum of law to address, at the Court's request, why Plaintiffs Gregory Boyd and Jonathan Lassers do not have standing to assert the claims alleged in their Second Amended Complaint (Dkt. No. 57) ("SAC").

## INTRODUCTION

Plaintiffs are members of GFC Holdings LLC ("GFC"), the sole owner of Biomass Green Fuels, LLC ("BGF"). This action arises from BPPR's efforts to collect over $12 million on a loan that BPPR extended to BGF in 2020. Plaintiffs allege that BPPR unlawfully conditioned its agreement to modify the terms of that loan in 2022 on BGF's agreement to supply renewable liquified natural gas ("RLNG") to BPPR on terms unfavorable to BGF, purportedly in violation of the anti-tying provision of the Bank Holding Company Act ("BHCA"). Now that the Court has rejected Plaintiffs' unauthorized attempt to join BGF and GFC as additional plaintiffs in this action, it is clear that the SAC should be dismissed because Plaintiffs do not have standing to assert a BHCA claim against BPPR in their individual capacities.

Under Plaintiffs' liability theory, it is BGF, not Plaintiffs individually, that purportedly suffered the alleged injury. (*See* SAC ¶ 185 ("By tying the Third Credit Agreement and Offtake Agreements, BPPR ensured that, under the Lopezes' control, BGF was destined to run out of money."); *id.* ¶ 242 ("BPPR injured [BGF] by destroying the value of BGF and GFC."); *id.* ¶ 258 ("BPPR's tying practices caused BGF and GFC substantial damages.").) Plaintiffs have pled no direct injury to themselves. As a result, any claim against BPPR is BGF's to assert, not Plaintiffs', and the SAC does not and cannot plead facts that would enable Plaintiffs to pursue any claims derivatively on BGF's behalf. Accordingly, Plaintiffs do not have standing, and their claims against BPPR should be dismissed.

# BACKGROUND

### A.  The First Amended Complaint

Plaintiffs Gregory Boyd and Jonathan Lassers are members of GFC, the parent company of BGF, which is in the natural gas business.  (SAC ¶¶ 4, 5.)  Plaintiffs' First Amended Complaint asserted a single claim against BPPR for an alleged violation of 12 U.S.C. § 1972(1)(C), the BHCA provision that prohibits banks from engaging in certain anticompetitive tying arrangements.  Plaintiffs asserted that BPPR unlawfully conditioned an extension of credit to BGF on BGF's agreement to supply RLNG to BPPR on terms unfavorable to BGF.  The First Amended Complaint alleged that this purported violation of the BHCA damaged BGF in the amount of $338,013,683, which Plaintiffs argued should be trebled to $1,014,041,049 under 12 U.S.C. § 1975.  (Dkt. No. 7 ¶ 214.)  Plaintiffs claimed that they are entitled to a share of BGF's alleged damages based on "their respective percentage ownership in [GFC]."  (*Id.* at 46; *see also id.* ¶ 214 ("Boyd is entitled to be paid 24.7%" of BGF's alleged damages and "Lassers is entitled to be paid 2.8%.").)

### B.  BPPR's Motion to Dismiss

BPPR moved to dismiss the First Amended Complaint on two independent grounds.  (Dkt. No. 20.)  BPPR argued that (i) Plaintiffs lack standing to bring a BHCA claim against BPPR based on alleged injury to BGF, and (ii) Plaintiffs failed to state a tying claim under the BHCA because the relevant contracts—both of which contain integration clauses stating that they constitute the entire agreements among the parties—do not condition BPPR's extension of credit on BGF's agreement to supply RLNG to BPPR.

### C.  The Second Amended Complaint

While BPPR's motion to dismiss was pending, Plaintiffs filed a motion to amend their complaint purporting to add BGF and GFC as plaintiffs.  (Dkt. No. 47.)  Plaintiffs' proposed SAC

also added a "Pendent Claim" asserting that BPPR breached an alleged fiduciary duty owed to BGF based on BPPR's status as Administrative Agent for the loan. (SAC ¶¶ 255-257.)[1] After the Court granted Plaintiffs' motion for leave to amend (Dkt. No. 55), BGF and GFC appeared in this action and moved to strike Plaintiffs' unauthorized filings and voluntarily dismiss the claims purportedly asserted on their behalf (Dkt. Nos. 62-64).

### D. The August 14, 2025 Motion Hearing

This Court scheduled a motion hearing for August 14, 2025 "to identify a procedural mechanism to resolve the controversy on whether counsel for plaintiffs are the true and proper legal representatives of GFC and BGF." (Dkt. No. 101.) Two days before that hearing, however, "Judge Méndez-Miró issued a Memorandum & Order (Docket No. 800) in the case of *Gregory Boyd; et al.* v. *Olmar López-Vidal; et al.*, Civil No. 22-1190 adjudicating that controversy, concluding that counsel for plaintiffs are not the actual and proper legal representatives of GFC and BGF." (*Id.*) This Court announced at the hearing that, after careful consideration, it agreed with Judge Méndez-Miró's conclusion. (*Id.*)

The Court directed the parties to consider two options for proceeding forward: (i) "Plan A," whereby the parties would agree to stay this action pending the outcome of the related case before Judge Méndez-Miró, and (ii) "Plan B," whereby the Court would grant the Notice of

---

[1] Boyd had previously included a claim for breach of fiduciary duty in the parallel state court proceeding. (*See* Boyd's Counterclaim, included as Ex. 84 to the SAC, Docket No. 52-4 at the following pages of the pdf: p. 164, ¶ 44, p. 191, ¶ 142, p. 197, ¶ 183, p. 201, ¶ 193.) Similarly, Boyd's allegations regarding deposits of loan proceeds in BGF's accounts later withdrawn and used for paying the bank interest had already been included in the RICO action pending before Judge Méndez-Miró in this District. (*Compare* SAC ¶¶ 150, 154 (alleging BPPR deposited funds in bank account only to withdraw them for interest payments), and ¶ 257 (allegation in the "pendent claim" as to BPPR's deposit of funds later withdrawn for interest payments), *with* Dkt. No. 147 in Civil No. 22-1190 ¶¶ 105-106, 353, 584, 585 (alleging that BPPR disbursed funds and used them to make interest payments to itself), and ¶ 355 (claiming BPPR's actions motivated by the desire to earn more interest).)

Voluntary Dismissal on behalf of the Companies, leaving Gregory Boyd and Jonathan Lassers as Plaintiffs, and the parties would submit simultaneous briefs addressing whether Plaintiffs have standing to pursue the claims asserted in the SAC individually. (*Id.*) Both parties declined "Plan A." (Dkt. Nos. 110-111.)[2]

In compliance with the Court's Order, BPPR therefore submits this memorandum addressing Plaintiffs' lack of standing to assert the BHCA claim.[3] To be clear, however, there are additional and independent reasons that this action should be dismissed. (*See*, *e.g.*, Dkt. No. 20 at 14-19.) BPPR respectfully requests that, in the event the Court does not dismiss this case in its entirety for lack of standing, it set a briefing schedule for a motion to dismiss.

## ARGUMENT

"[S]tanding is a 'threshold question in every federal case[.]'" *United States* v. *AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992). "When evaluating a motion to dismiss for lack of jurisdiction, including lack of standing, it 'is to be presumed that a cause lies outside the Court's jurisdiction and the burden of establishing the contrary rests upon the plaintiff.'" *Unión de Empleados de Muelles de P.R. PRSSA Welfare Plan* v. *UBS Fin. Servs. Inc. of P.R.*, 2013 WL 12237669, at *2 (D.P.R. July 9, 2013) (quoting *Kokkonen* v. *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (alterations accepted)). Thus, "[j]ust as the plaintiff bears the burden of plausibly alleging a viable

---

[2] Notwithstanding the Court's ruling (Dkt. No. 101), Plaintiffs continue to make submissions in this case on behalf of BGF and GFC (Dkt. No. 111).

[3] Plaintiffs also lack standing to assert their "Pendent Claim." Even assuming BPPR owed any fiduciary duty to BGF under the loan agreement, that agreement was between BGF and BPPR. (*See* Dkt. No. 48-4.) As a result, any breach of that alleged fiduciary duty can be claimed only by BPPR's counterparty under the agreement—BGF—and Plaintiffs lack standing to assert such a claim. *See* P.R. Laws Ann. tit. 31, §3374. In the alternative, the claim should be dismissed for lack of federal subject-matter jurisdiction once the sole federal claim under the BHCA is dismissed and because the fiduciary-duty claim is entirely duplicative. *See supra* note 1.

cause of action, so too the plaintiff bears the burden of pleading facts necessary to demonstrate standing." *Hochendoner* v. *Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016).

Plaintiffs here fail to carry their burden of pleading facts necessary to demonstrate standing because they do not allege that they suffered a direct injury, and they have made no attempt whatsoever to plead derivative standing to assert claims on BGF's behalf.

## I.    Plaintiffs Do Not Allege That They Suffered a Direct Injury.

"[B]ecause a [company] and its shareholders are distinct juridical persons, . . . 'actions to enforce corporate rights or redress injuries to a [company] cannot be maintained by a stockholder in his own name . . . even though the injury to the corporation may incidentally result in the depreciation or destruction of the value of the stock." *Pagán* v. *Calderón*, 448 F.3d 16, 28 (1st Cir. 2006). Accordingly, it is axiomatic that the stockholders of a corporation or the members of an LLC lack "standing to sue in their personal capacities unless the alleged misconduct causes harm to them separate and distinct from the injury inflicted upon the [company]." *Id.* at 29.

The SAC makes clear that Plaintiffs seek to recover damages based on alleged injury to BGF, rather than any direct injury that Plaintiffs themselves allegedly suffered. (*See, e.g.*, SAC at 8 (alleging that BPPR "destroyed the value of BGF and its parent company, GFC"); *id*. ¶ 163 (BPPR allegedly caused "substantial financial damage to the company"); *id.* ¶ 187 (alleging that BPPR caused the "demise" of "BGF/GFC"); *id.* ¶ 223 (alleging that BPPR "render[ed] BGF worthless"); *id.* ¶ 223 (alleging that "BPPR injured [BGF] by destroying the value of BGF and GFC"); *id.* ¶ 242 (alleging that "BPPR's tying practices caused BGF and GFC substantial damages").) Even though BPPR raised this issue in its motion to dismiss the First Amended Complaint, the SAC still does not allege *any* direct injury that affects Plaintiffs "in a personal and individual way." *Pagán*, 448 F.3d at 27; *see also id.* at 29–30 ("The short of it is that where, as here, the [company] incurs the only direct injury from the alleged misconduct, the [company] . . .

is the only proper party to bring suit for that injury."). Plaintiffs instead responded to BPPR's motion to dismiss by attempting, unsuccessfully, to add BGF and GFC as plaintiffs.

Although Boyd is a guarantor under the Credit Agreement, the SAC does not allege that Boyd suffered any direct injury as a result of this guarantee. Accordingly, Boyd's status as a guarantor does not confer standing to sue for BGF's alleged losses. *See*, *e.g.*, *Mid-State Fertilizer Co.* v. *Exch. Nat'l Bank of Chicago*, 877 F.2d 1333, 1336 (7th Cir. 1989) ("Guarantors are contingent creditors," and "creditors cannot recover directly for injury inflicted on a firm, so guarantors as potential creditors likewise cannot recover.").[4] For his part, Lassers is not even a guarantor; he is merely a member of GFC. (SAC ¶ 5.)

In opposing BPPR's motion to dismiss the First Amended Complaint, Plaintiffs argued that the BHCA "does not limit claims to the debtor itself." (Dkt. No. 38 at 2-3.) That is true, but it is also beside the point. BPPR has never argued that only a debtor has standing to sue under the BHCA. Plaintiffs lack standing here because they do not allege that they suffered any direct injury. Indeed, Plaintiffs argued in their opposition to BPPR's motion to dismiss that the purported BHCA violation "cost [BGF's] owners a company worth hundreds of millions of dollars." (*Id*. at 11.) That is a quintessential derivative injury: it is a direct injury to the corporation that injures the corporation's stockholders only indirectly based on their ownership interests in the corporation. *See Las Marías Farm Corp.* v. *Toledo Fernández*, 2009 WL 10718926, at *7 n.14 (D.P.R. Mar. 11, 2009) ("Any injury based on how the defendant's conduct impacted [plaintiff's ownership] interests is merely derivative of the corporation's alleged injury."). As a matter of blackletter law, injuries allegedly inflicted on a stockholder (or, in this case, an LLC member) by virtue of his or

---

[4] Moreover, Boyd contends his guarantee is null. (*See* SAC ¶ 4; *see also* Civil No. 22-1190, Dkt. No. 147 at 152.)

her ownership interest in a corporation allegedly harmed by the defendant's conduct are derivative in nature. Only the corporation itself, or a stockholder that has satisfied the requirements for derivative standing under Federal Rule of Civil Procedure 23.1, can bring a claim based on injury suffered directly by the corporation. *See Bishay* v. *Am. Isuzu Motors, Inc.*, 404 F.3d 491, 495 (1st Cir. 2005). As explained below, the SAC makes no effort to plead a derivative claim under Rule 23.1.

Plaintiffs' previous reliance on *Swerdloff* v. *Miami National Bank*, 584 F.2d 54 (5th Cir. 1978), is misplaced. (*See* Dkt. No. 38 at 10-11.) In that case, the Fifth Circuit held that the plaintiffs had standing to sue under the BHCA because, unlike here, they alleged a *direct* injury. 584 F.2d at 60. In *Swerdloff*, the violation of the BHCA consisted of the bank's request *to the plaintiffs* that they sell 51% of their stock in the company to a third party in order to maintain the financing arrangement with the bank. *Id.* As a result, it was the *Swerdloff* plaintiffs who suffered the direct injury from the violation because they were forced to sell their stock to comply with the bank's financing requirement. In holding that "an independent claim existed in favor of the shareholders" based on this alleged direct injury, the Fifth Circuit made clear that its "decision does *not* permit a shareholder to assert a corporation's cause of action," as Plaintiffs seek to do here. *Id.* (emphasis added).[5]

Plaintiffs do not and cannot allege a similar direct injury in this case. Unlike in *Swerdloff*, the alleged illegal tying arrangement here did not require Plaintiffs to do anything. Plaintiffs instead allege that it was BGF itself, the debtor company, and not Plaintiffs, that had to provide

---

[5] *Swerdloff* also provides no support for the proposition that a plaintiff can assert standing simply by relying on its status as guarantor of a loan. *See Mid-State Fertilizer*, 877 F.2d at 1336 (explaining that *Swerdloff* "does not go to the other extreme and hold that anyone who has dealt with a bank as guarantor may recover for derivative injuries").

something to BPPR to obtain credit—the sale of RLNG on terms purportedly unfavorable to BGF. Even if an illegal tying arrangement were properly alleged here, it was BGF, not Plaintiffs, that suffered direct injury from that arrangement.

In opposing BPPR's prior motion to dismiss, Plaintiffs also cited *Costner* v. *Blount National Bank of Maryville, Tennessee*, 578 F.2d 1192 (6th Cir. 1978). (*See* Dkt. No. 38 at 11.) In that case, the Sixth Circuit held that a plaintiff who "obtained a $420,000 personal loan from the defendant bank to buy the remaining stock in [his] company" had standing to sue under the BHCA. 578 F.2d at 1194. In so ruling, however, the Sixth Circuit was clear that "[t]he injury to the [plaintiff] *must be direct and not merely consequential or derivative through the corporation*." *Id.* at 1195 (emphasis added). The plaintiff in *Costner* was the debtor who suffered the direct loss by being forced to sell his stock in the company. As in *Swerdloff*, it was clear "that the plaintiff, as distinct from the [company], suffered direct damage as a result of the illegal tying arrangement." *Id.* Here, by contrast, the SAC alleges no direct injury to either Plaintiff—their alleged injury instead is entirely derivative of the harm purportedly suffered by BGF.

The only other case Plaintiffs cited in their opposition brief, *Bray* v. *Bank of America*, 2014 WL 5783039 (E.D. Mo. 2014), also provides no support for their argument. (*See* Dkt. No. 38 at 10.) There, the court concluded that the plaintiff did *not* have standing to sue under the BHCA because he alleged no relationship with the defendant-bank. The Eighth Circuit later reversed because the district court had not considered whether recent Supreme Court precedent would have altered the result. *Bray* v. *Bank of Am.*, 611 F. App'x 888, 889 (8th Cir. 2015). On remand, the district court again dismissed the plaintiff's claim under the BHCA for lack of standing because he alleged no direct injury. *Bray* v. *Bank of Am.*, 2016 WL 687818, at *4 (E.D. Mo. Feb. 19, 2016)

("[T]here still is no allegation that plaintiff suffered an injury because of the violation."), *aff'd*, 669 F. App'x 821 (8th Cir. 2016). The same fate should befall Plaintiffs' claims here.

In sum, no court has ever held that a shareholder has standing to bring a BHCA claim merely by virtue of owning stock in the company that allegedly was directly injured by the tying arrangement. In the cases cited by Plaintiffs, the courts found standing because the plaintiffs alleged direct injury apart from any injury suffered by the company, which Plaintiffs fail to do here.

## II.     Plaintiffs Do Not Plead Standing To Sue Derivatively on BGF's Behalf.

Under Federal Rule of Civil Procedure 23.1, a plaintiff seeking to assert a claim derivatively on behalf of a company must "allege with particularity" that he has made a pre-suit demand on the company or that "such a demand would have been futile." *Unión de Empleados de Muelles de Puerto Rico PRSSA Welfare Plan* v. *UBS Fin. Servs. Inc. of Puerto Rico*, 704 F.3d 155, 163 (1st Cir. 2013). Plaintiffs have not even attempted to satisfy that standard here. The SAC does not allege that Plaintiffs made a pre-suit demand on BGF or that that they were excused from doing so, much less plead such facts with the requisite particularity. *See González Turul* v. *Rogatol Distributors, Inc.*, 951 F.2d 1, 3 (1st Cir. 1991) (court "need not consider the question of whether, under [state] law, demand would have been excused" where plaintiff fails to "allege with particularity the facts that would lead to that conclusion"). In fact, Plaintiffs do not even purport to be suing derivatively on behalf of BGF. They instead insist that they can assert claims individually as members of GFC to recover for injuries allegedly suffered by BGF.

### CONCLUSION

For the foregoing reasons, Plaintiffs lack standing to assert the claims alleged in the SAC.

**WHEREFORE**, BPPR respectfully requests that the Court dismiss the SAC with prejudice for lack of standing.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 22nd day of August 2025.

**IT IS HEREBY CERTIFIED** that on this same date, the undersigned counsel electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**SULLIVAN & CROMWELL LLP**

125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

/s/ Richard C. Pepperman II
(*Pro hac vice*)
peppermanr@sullcrom.com

/s/ Benjamin R. Walker
(*Pro hac vice*)
walkerb@sullcrom.com

/s/ Stella S. Meyer
(*Pro hac vice*)
meyerste@sullcrom.com

**PIETRANTONI MÉNDEZ & ALVAREZ LLC**

Popular Center, 19th Floor
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 773-6000
Facsimile: (787) 274-1470

/s/ María Dolores Trelles Hernández
USDC-PR Bar No. 225106
mtrelles@pmalaw.com

/s/ María Elena Martínez
USDC-PR Bar No. 305309
mmartinez@pmalaw.com

*Attorneys for Defendant*