# Exhibit 1

COURT OF FIRST INSTANCE
SUPERIOR COURT OF SAN JUAN

| | |
|---|---|
| **AMRC, LLC.**<br>PLAINTIFF<br><br>**VS**<br><br>**OLMAR LOPEZ VIDAL Y SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA CON CRISTINA RIOS MENA Y OTROS**<br>DEFENDANT[S] | Case Num.: **SJ2024CV10727 (603)**<br><br>Sobre: COLLECTION OF MONEY - ORDINARY |

## *M I N U T E S*

By **videoconference**, the case was called for an Initial Scheduling Conference. **Ignacio J. Gorrín Maldonado, Esq.** appeared on behalf of plaintiff. **Manuel Durán Rodríguez, Esq.** appeared on behalf of defendants. **Roberto Abesada-Agüet, Esq.** appeared on behalf of the defendant, GFC Holdings Limited Liability Company.

Having commenced the proceedings, the Court noted that the case management report was filed on July 10, 2025.

Atty. Gorrín reported that documentary evidence such as invoices, retainer agreements, reports, emails and demands for payment had been produced. This is a collection of money matter where all the defendants are represented by counsel. GFC Holdings has guaranteed any fees not paid by any co-defendant. Discovery will be exchanged. Atty Gorrin made a settlement demand, and settlement discussions have begun, which they hope will lead to agreements. He believes that the Court can resolve the case through summary judgment.

For his part, Atty. Duran stated that they provided documents to the plaintiff. He still has not received the retainer letters. He Will be sending an Interrogatory and Request for production of documents.

Atty. Abesada Agüet reported that the company he represents is not operating and has no assets. He will not be sending discovery requests.

**Given the information the attorneys have provided, the Court resolved the following:**

✓ **The discovery deadine shall be October 31, 2025.**

✓ **A status conference is set for Thursday, August 14, 2025 at 2:30 p.m. through videoconference. This date is viable for all the attorneys in the case.**

**Note: The proceedings were recorded in "DCR" from 9:42 to 9:58 a. m.**

| | |
|---|---|
| Hon. Brian Burgos Hernández<br>SUPERIOR COURT JUDGE | MARSHALL:  N/A |
| Keren Oliveras Padilla<br>OPERATOR OF "DCR SYSTEM" | Griselda Rodríguez Collado<br>I CERTIFY:  REGIONAL SECRETARY |
| HEARING DATE: July 16, 2025 | BY: *Keren Oliveras Padilla*<br>Court room Secretary<br>OAT   838   MINUTA   CIVIL |
| (COURT OF FIRST INSTANCE)<br>(REV. FEBRUARY/2008) | TRANSCRIBED: July 16, 2025 |



Jane A. Becker
Whitaker

    



MI CASES



Calendar Dates



NEW CASE



My Notary

SEARCH

First Instance Active Inactive

| Date of Filing | Date of Closing | Judge |
|---|---|---|
| May 22, 2024 | N/A | Cristina E. Suau Gonzalez |

File        Calendar Dates        Information                        Filings

---

Related cases

| | | |
|---|---|---|
| **20** Aug-25 | 255 | ORDER issued and signed by Judge Cristina E. Suau Gonzalez August 19, 2025 Regarding Motion for Extension |
| **20** Aug-25 | 254 | ORDER issued and signed by CRISTINA SUAU GONZALEZ August 19 2025 regarding Motion Motion |
| **18** Aug-25 | 253 | Petition Certiorari filed by GREGORY S. BOYD (Luis E Minana Rodriguez-Feo |
| **18** Aug-25 | 252 | MOTION FOR AN EXTENSION filed GREGORY S. BOYD (JANE A BECKER WHITAKER) regarding Judgment. |
| **14** Aug-25 | 251 | Petition for certiorari filed for CRISTINA RIOS MENA, OLMAR LOPEZ VTDAL and CONJUGAL PARTNERSHIP. |
| **29** July-25 | 250 | MTNUTES filed for FOLLOW UP CONFERENCE held by CRISTINA SUAU GONZALEZ July 15, 2025 |



**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT OF SAN JUAN**

| | |
|---|---|
| **BANCO POPULAR DE PUERTO RICO**<br>**PLAINTIFF**<br><br>**V**<br><br>**BIOMASS GREEN FUELS LLC.**<br>**GFC HOLDINGS LLC**<br>**OLMAR LÓPEZ VIDAL, CRISTINA RIOS MENA Y LA SLG ENTRE AMBOS; OLMAR LÓPEZ GÓMEZ, VIVIAN VIDAL DE LÓPEZ Y LA SLG ENTRE AMBOS.**<br>**DEFENDANT[S]** | **CIVIL NUM.: SJ2024CV04616**<br><br>**COURTROOM: 803**<br><br>**RE: BREACH OF CONTRACO COLLECTION OF MONEY FORECLOSURE ON COLLATERAL Y GUARANTEES** |

**PARTIAL  JUDGMENT**

The Complaint that initiated this case alleges that Banco Popular and Biomass executed a credit agreement that is part of a loan contract. In honor of such agreements, wherein Banco Popular is the Administrative Agent and sole lender, Biomass could request drawdowns, subject to the conditions of the agreement to provide for the expenses of the development. Plaintiff alleges that in addition to Biomass owing $12,137,270.01 as principal, it owes daily interest of $2,950.00 which at the time the Complaint was filed amounted to $316,823.62.

There are other controversies in the case, for example regarding the guarantees signed and the reach of those guarantees, which resulted in a counterclaim a cross claims (Docket # 13 and y #149). Banco Popular requested the remedy of an guaranty of judgment pursuant to Rule 56 of the Rules of Civil Procedure, 32 L.P.R.A. Ap. V R 56 (Docket #30). Therefore, the parties and the court focused their efforts on the hearing the rule requires. In the interim, Banco Popular sought partial summary judgment as to the amount owed, that was liquid, and due. (Docket # 94). Pursuant to Rule 36.3 (b), *supra,* the defendant had 20 days to set forth its position.

ID: 364C53EE-B768-4429-BD6F-B9CA70081C55  Firmado Electrónicamente: 27/12/2024 11:50:47 am

Page. 2

The case had its initial conference (Docket #[blank in the original]) the hearing as to the assurance of judgment began. (Docket #[blank in the original] )

In the meantime, Banco Popular reasserted its motion for partial summary judgment. Plaintiff alleged that there was no controversy that Biomass Green Fuels LLC ("Biomass") (1) breached the Loan Contract, for which it owed $12,805,291.21 in principal and interest ("P+I") as of September 30, 2024, an amount that increased daily in the amount of $2,950.03; (2) owed the amount that BPPR advanced *EC Waste* for rent that amounted to $136,666.68 as of the 3rd of September of 2024 and increased by $34,166.67 monthly; and (3) owed BPPR, as of September 3, 2024, $107,449.10 for legal fees related to this case and to address Biomass's breaches, for a subtotal of $13,049,406.99 on the dates and for the specified items (Docket #171).Having held the hearing on December 18, some of the co-defendants asked for a final extension to respond to Banco Popular's motion. The Court granted until December  23 to express such positions. That deadline passed with no opposition to the motion for partial summary judgment,

The Court has evaluated the request for summary judgment and its exhibits, as well as the whole case file, and grants the partial summary judgment motion filed by plaintiff Banco Popular de Puerto Rico, without having the need to detail its findings of fact as held in <u>Pérez Vargas v. Office Depot,</u> 203 D.P.R. 687 (2019).

## JUDGMENT

For the above reason, Banco Popular's motion for partial summary judgment is granted and, therefore, because the debt is to unpaid, liquid, and due Biomass  Green  Fuels,  LLC  and  GFC  Holdings  LLC are ordered to pay

ID: 364C53EE-B768-4429-BD6F-B9CA70081C55  Firmado Electrónicamente: 27/12/2024 11:50:47 am

Pág. 3

plaintiff. Banco Popular de Puerto Rico, $13,418,352.07 an amount that increase by $2,950.03 for interest (after December 10, 2024). In compliance with rule 42,3, *supra*, we expressly conclude that there is no reason to wait for final judgment to issue this judgment.

**REGISTRED AND NOTIFIED,**

In San Juan, Puerto Rico, December 27,2024

**CRISTINA E. SUAU GONZÁLEZ**

**Superior Court Judge**



ID: 364C53EE-B768-4429-BD6F-B9CA70081C55  S i g n e d   Electronically: 27/12/2024 11:50:47 am

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
**SAN JUAN** JUDICIAL CENTER
COURT ROOM **603**

|  |  |
|---|---|
| **GEORG ECONOMOU** <br> *Parte demandante* <br><br> **Vs.** <br><br> **BIOMASS GREEN FUELS LLC and GFC HOLDINGS LIMITED LIABILTY COMPANY** <br> *Parte demandada* | **CIVIL NÚM.: SJ2024CV05440** <br><br><br> **SOBRE: SALARY CLAIM SUMMARY PROCEDURE (ACT NO. 2 OF 1961)** |

## JUDGMENT

On June 16, 2024 this Complaint for unpaid salary was filed in this case, pursuant to Summary Procedure Law for Labor Claims, Law Num. 2 of October 17, 1961, as amended, 32 L.P.R.A. § 3118.

Having review the *"Motion Request Default Judgment",* filed by Plaintiff[1], the file shows that on July 11, 2024, Miguel A. Rangel Rosas, Esq., appeared on behalf of the defendant[s] **BIOMASS GREEN FUELS LLC and GFC HOLDINGS LIMITED LIABILTY COMPANY,** seeking to withdraw as counsel.[2] Therefore, on July 11, 2024 notified on July 12, 2024, the court issued an order directly to the Defendant[s] to their address of record..[3] The referenced order granted the defendant[s] a term of thirty days (30) to appear with new legal representation and they were warned that once that term ran, they would be deemed to have abandoned the case and default could be entered against them as well as the relief sought by plaintiff with no further need to notify them, read their papers, or hear them. We repeat, the defendant[s] were notified at their address of record*, "so that they could participate in and cooperate to comply with this Order; and so that they know about warning about sanctions. HRS Erase v. Centro Médico del Turabo, 205 DPR 689 (2020)."*

It should noted that the Defendant[s] did not seek an extension and once the term expired, they never appeared with new legal representation. For that reason, pursuant to the sanction the Court warned would occur,

---

[1] *See Motion Requesting Default Judgment,* Docket [17] of SUMAC.
[2] *See Motion Withdrawing as Counsel,* Docket [12] of SUMAC.
[3] *See  Order of July 11, 2024,* Docket [13] of SUMAC.

on August 29, 2024, the court issued a default judgment against Defendant[s], at Plaintiff's request.[4]

Thus, having acquired jurisdiction over these parties, the Court proceeds to evaluate the evidence presented by Plaintiff. After thoroughly examining the entire file and studying the applicable law, this Court concludes that it is not necessary to hold a hearing to resolve the controversy before our consideration.

Given the above, default is entered against Defendant[s] **BIOMASS GREEN FUELS LLC and GFC HOLDINGS LIMITED LIABILTY COMPANY** and a default judgment is entered granting the remedies sought in the Complaint and as a consequence ordering the Defendants to pay Plaintiff the sum of **$88,541.67** for salaries owed, the costs, expenses of the case and **25%** of the amount owed for salary in for attorneys' fees. This Judgment shall incur legal interest, as established by the Office of the Commissioner for Financial Institutions.

This Default Judgment is entered with determinations of fact or conclusions of law pursuant to Rule 42.2 of Civil Procedure. *Pérez Vargas v. Office Depot*, 203 D.P.R. 687 (2019).

**REGISTERED AND NOTIFIED.**

In San Juan, Puerto Rico, September 7, 2024.

*f/***RAÚL A. CANDELARIO LÓPEZ**
**SUPERIOR COURT JUDGE**

---

[4] See Order entering Default, Docket [16] of  SUMAC.

# Anne Catesby Jones, MA
## Translator/Traductora

19 B Caleta de las Monjas, San Juan, P.R.
00901 Tel. 787-725-1379
Mobile: 787-930-3834
e-mail: annecatesby@gmail.com

September 8, 2025

TO WHOM IT MAY CONCERN:

I have reviewed the above translation of the Exhibit 1 to the Motion for Reconsideratino

in case 22-1190(GMM) to the best of my ability. I certify that the translation is true

and correct.



Verify at www.atanet.org/verify

Anne Catesby Jones
ATA #2537