# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF PUERTO RICO

Gregory Boyd, Jonathan Lassers,

   Biomass Green Fuels, LLC

    GFC Holdings, LLC

     Plaintiffs,

      v.

 Banco Popular de Puerto Rico,

    Defendant.

Case No. 3:24-cv-01569-PAD

Jury Trial Demanded

---

## PLAINTIFFS' SUR REPLY TO BANCO POPULAR'S REPLY MEMORANDUM OF

## LAW FURTHER ADDRESSING STANDING

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs through their undersigned counsel and very respectfully state and pray:

Banco Popular de Puerto Rico continues to insist on citing *Pagan v. Calderon*, 448 F.3d 16 (1st Cir. 2006), even though Pagan finds an exception to the rule that a shareholder has no standing to bring a claim for a corporation both when the shareholder's claims are peculiar to that shareholder and when it is "absolutely inconceivable" that the corporation would file the suit. Id. at 28-29.[1] Here, the current Board of Managers**,** has said long and loudly that they will not sue

---

[1] BPPR's reliance on *Las Marías Farm Corp. v. Toledo Fernández*, 2009 WL 10718926, at 7 n.14 (D.P.R. Mar. 11, 2009), is equally unavailing. As does *Pagan,* the case involves §1983 claims for political discrimination against a corporation and its owners due to New Progressive Party affiliation under a Popular Democratic Party

Banco Popular for requiring Biomass Green Fuels, LLC and GFC Holdings, LLC (the Companies) to enter into a below market value offtake agreement for renewable liquid natural gas sweetened with tens of millions of dollars in tax incentives (SAC ¶¶39, 132-133, 195, 210, 237) in order to receive an additional loan from the bank in violation of the Bank Holding Company Act ("BHCA"), 12 U.S.C. § 1972 et seq. (SAC ¶¶233-234). Dockets 62, 63, 64, and 85.

Banco Popular completely fails to address the controversy between the Board of Managers and the majority of the equity owners (SAC ¶6). Banco Popular bewails the number of pages that Plaintiffs have spent explaining the perfidy of the Board of Managers through which the bank has barred the Companies from bringing this lawsuit. Yes, it is "absolutely inconceivable" that the Companies will bring an anti-tying lawsuit against Banco Popular because Banco Popular created that impossibility. Through the Asset Acquisition Agreement, the conflicted Board of Managers waived the right to file such a suit at Banco Popular's behest. (SAC ¶228-231). Once the individual Plaintiffs herein informed this Court – via its Second Amended Complaint - that the majority of equity holders had voted to have the Companies join this case, the Board of Managers sought to intervene to reverse that course of action.

The Board of Managers had to try to reverse the addition of the Companies to this lawsuit because if they failed to do so, they would lose the payments provided in the Asset Acquisition Agreement (SAC ¶¶229-230). The Board of Managers asked this Court to ignore the Operating

---

administration. The holding in footnote 14—that an injury to an ownership interest in an LLC is derivative—applies to shareholder standing in civil rights actions, not BHCA anti-tying violations under §1975's broad 'business or property' standard. Here, GFC and BGF are plaintiffs alleging direct harm (SAC ¶¶232–242); Boyd's guarantor exposure is personal and distinct (SAC ¶4); and the PDP administration did not obtain a release to prevent the corporation from litigating, as Banco Popular did herein.

Agreement's requisite that the company only be dissolved by unanimous consent (SAC ¶231). The Board of Managers asked this Court to ignore their violation of Puerto Rico Corporate Law, which required that they abstain from voting on matters that benefited them, not the Companies (SAC ¶229-231, citing 14 L.P.R.A. § 3565). The Board of Managers and Banco Popular sub silentio ask this Court to ignore all of the jurisprudence from Delaware and the First Circuit Court of Appeals that disapproves of conflicted boards litigating against the interests of equity holders acting in good faith by not addressing any of it, not even trying to contradict any of it because they cannot. This Court should not reward Banco Popular's misconduct by dismissing this case.

BPPR's reliance on cases such as *Daniels* denying guarantor standing or injury from collection fees ignores §1975's broad remedial scope. The opposition further demonstrates that board self-dealing and conflicts render derivative demand futile under the "absolutely inconceivable" exception recognized in Pagán at 28-29, especially considering the invalid Asset Acquisition Agreement ("AAA") and related breaches (SAC ¶¶228–231, 255–257) and (SAC ¶¶245-254), detailing how BPPR facilitated fraud and breached fiduciary duties to secure the offtake agreement). Plaintiffs have standing as individuals and as representatives of the Companies.

WHEREFORE, this Honorable Court should find that Plaintiffs have standing, both as individual equity holders, where the Companies will never bring this lawsuit, and as the Companies themselves because the Board of Managers is inescapably tainted thanks to Banco Popular's efforts to deprive this Court of jurisdiction.

Respectfully submitted,

/s/ Jane A. Becker Whitaker
**JANE A. BECKER WHITAKER**
USDC No. 205110
Attorney for Plaintiffs
P.O. Box 9023914
Urb. Baldrich, San Juan, PR 00902-3914
Tel: (787) 585-3824
Email: janebeckerwhitaker@gmail.com

/s/ Jean Paul Vissepó Garriga
**JEAN PAUL VISSEPÓ GARRIGA**
USDC No. 221504
Attorney for Plaintiffs
P.O. Box 367116
Urb. Baldrich, San Juan, PR 00936-7116
Tel: (787) 633-9601
Email: jp@vissepolaw.com

/s/ Luis E. Miñana
**LUIS E. MIÑANA**.
USDC-PR No. 225608
Attorney for Plaintiffs
ESPADA, MIÑANA, & PEDROSA LAW OFFICES, PSC
123 Calle Manuel Domenech Altos
Urb. Baldrich, San Juan, PR 00918
Tel: (787) 758-1999
Email: minanalaw@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2025, a copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER