**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| GREGORY BOYD, JONATHAN LASSERS, | |
| Plaintiffs, | Civil Action No.:  3:24-cv-01569-PAD |
| v. | Hon. Pedro A. Delgado-Hernández |
| BANCO POPULAR DE PUERTO RICO, | |
| Defendant. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR
<u>RECONSIDERATION AND FOR LEAVE TO AMEND THE COMPLAINT</u>**

# TABLE OF CONTENTS

*Page*

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................3

ARGUMENT .........................................................................................................................6

I.     The Court Should Not Reopen Its Judgment .......................................................6

     A.     Plaintiffs' Motion Must Satisfy The Demanding Standards Of Rule 59 .................6

     B.     Plaintiffs Have No Valid Basis For Seeking Relief From Judgment .......................7

          1.     Plaintiffs Cannot Identify Any Error of Law .................................................7

          2.     Plaintiffs Identify No New Evidence That They Could Not Previously Have Obtained ...................................................................................8

II.     Plaintiffs' Proposed Amendments To Their Complaint Are Futile .....................................9

     A.     Plaintiffs' Proposed Amendments Do Not Establish That They Have Authority To Direct BGF's Or GFC's Litigation Decisions ...................................9

     B.     Plaintiffs' Proposed Amendments Do Not Establish That They Have Standing To Assert Their BHCA Claim Against BPPR Directly..........................11

     C.     Plaintiffs' Proposed Amendments Do Not Establish Standing To Assert Their BHCA Claim Derivatively On Behalf of BGF And GFC............................11

     D.     The Proposed TAC Still Fails To State A BHCA Claim......................................14

     E.     The Proposed TAC Does Not Disturb The Court's Decision To Decline To Exercise Supplemental Jurisdiction Over Plaintiffs' State-Law Claims..........15

CONCLUSION....................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3137, LLC* v. *Town of Harwich*,
126 F.4th 1 (1st Cir. 2025).................................................................................................9

*Acevedo-Villalobos* v. *Hernández*,
22 F.3d 384 (1st Cir. 1994)............................................................................................2, 6

*Alberti* v. *Univ. of Puerto Rico*,
869 F. Supp. 2d 231 (D.P.R. 2012)................................................................................6, 7

*City of Miami Fire Fighters' & Police Officers' Ret. Tr.* v. *CVS Health Corp.*,
46 F.4th 22 (1st Cir. 2022)................................................................................................8

*Executive Leasing Corp.* v. *Banco Popular de Puerto Rico*,
48 F.3d 66 (1st Cir. 1995)................................................................................................14

*Fisher* v. *Kadant, Inc.*,
589 F.3d 505 (1st Cir. 2009).............................................................................................6

*Glean Tech Fund II LP* v. *McIntosh*,
2025 WL 2505049 (Del. Ch. Sept. 2, 2025) ..............................................................12, 13

*González-Camacho* v. *Banco Popular de Puerto Rico*,
318 F. Supp. 3d 461 (D.P.R. 2018)................................................................................2, 6

*Landy* v. *D'Alessandro*,
316 F. Supp. 2d 49 (D. Mass. 2004) ................................................................................13

*Nieves-Luciano* v. *Hernandez-Torres*,
397 F.3d 1 (1st Cir. 2005).................................................................................................6

*Pagán* v. *Calderon*,
448 F.3d 16 (1st Cir. 2006)...............................................................................................8

*Sánchez Rodríguez* v. *Departamento de Corrección y Rehabilitación*,
537 F. Supp. 2d 295 (D.P.R. 2008)................................................................................6, 7

*In re Sonus Networks, Inc., S'holder Derivative Litig.*,
499 F.3d 47 (1st Cir. 2007)..............................................................................................12

*Spaulding* v. *Bondi*,
2026 WL 189488 (D. Mass. Jan. 23, 2026) ......................................................................9

*Swerdloff* v. *Miami National Bank*,
    584 F.2d 54 (5th Cir. 1978) ............................................................................8

*Tri-State Pension Fund* v. *Zuckerberg*,
    262 A.3d 1034 (Del. 2021) .....................................................................12, 14

*Unión de Empleados de Muelles de P.R. PRSSA Welfare Plan* v. *UBS Fin. Servs.*
    *Inc. of P.R.*,
    704 F.3d 155 (1st Cir. 2013)........................................................................11

*United Food & Com. Workers Union* v. *Zuckerberg*,
    250 A.3d 862 (Del. Ch. 2020)......................................................................13

*Vechioli-Cruz* v. *Santos-Onoda*,
    2024 WL 1477713 (D.P.R. Mar. 14, 2024) ...................................................7

*Vulcan Tools of Puerto Rico* v. *Makita USA, Inc.*,
    23 F.3d 564 (1st Cir. 1994)...........................................................................15

**Other Authorities**

Fed. R. Civ. P. 15..............................................................................................2, 9

Fed. R. Civ. P. 23.1 .....................................................................................3, 5, 11

Fed. R. Civ. P. 59.....................................................................................2, 6, 8, 9

Fed. R. Civ. P. 60.............................................................................................2, 6

Defendant Banco Popular de Puerto Rico ("BPPR") respectfully submits this Opposition to Plaintiffs' Motion for Reconsideration and Leave to Amend the Complaint (ECF 134).[1]

### INTRODUCTION

On December 22, 2025, this Court dismissed this action and entered final judgment. (ECF 131, 133.) That decision followed a lengthy series of submissions by the parties over the course of nearly a full year, including (i) Plaintiffs' initial complaint (ECF 1), (ii) their first amended complaint (ECF 7), (iii) BPPR's motion to dismiss the first amended complaint (ECF 20, 31), (iv) Plaintiffs' second amended complaint ("SAC") (ECF 57), filed after BPPR's motion to dismiss was fully briefed, (v) various motions and other submissions addressing Plaintiffs' unauthorized attempt in the SAC to add GFC and BGF as plaintiffs over the GFC Board of Managers' objection (ECF 62, 63, 64, 69, 76, 77, 82, 85, 92, 94), and (vi) finally, four additional briefs further addressing whether Plaintiffs have standing to assert a claim under the Bank Holding Company Act ("BHCA") against BPPR in their individual capacities (ECF 113, 115, 117, 127).

After due consideration of these many submissions, the Court held that Plaintiffs lacked standing, in any capacity, to pursue a BHCA claim against BPPR. (ECF 131.) Now Plaintiffs have returned to this Court seeking yet another bite at the apple. As Judge Méndez-Miró already has done in Plaintiffs' other case pending in this District, this Court should deny Plaintiffs' motion for reconsideration and request to amend their complaint. *See Boyd et al.* v. *López Vidal et al.*, Civ. No. 22-1190, ECF No. 847 (D.P.R. Jan. 21, 2026) ("It is well-settled that a court may deny

---

[1] Boyd and Lassers purported to file their motion on their own behalf and derivatively on behalf of Biomass Green Fuels, LLC ("BGF") and GFC Holdings, LLC ("GFC"). Boyd and Lassers' attorneys also continue to hold themselves out as counsel for BGF and GFC, and Boyd and Lassers' proposed third amended complaint ("TAC") names BGF and GFC as plaintiffs despite the Court's ruling that their participation requires authorization from the GFC Board of Managers. (ECF 131.) For the avoidance of doubt, the references to Plaintiffs in this motion are to Boyd and Lassers alone.

leave to amend for various reasons, including undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment.  Here, [w]e find that [nearly] any of these reasons are enough to deny Plaintiff a fourth chance at the batter's box.") (internal quotation marks omitted).

To start, Plaintiffs' motion incorrectly frames the relief they seek by invoking the Court's "inherent authority" to reconsider its own decisions.  (Mot. 5.)  Where, as here, final judgment already has been entered, the only possible avenues for reopening the case and revisiting a prior ruling or granting leave to amend are Rules 59 and 60.  As the First Circuit has explained, "[u]nless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a). . . . Once judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60."  *Acevedo-Villalobos* v. *Hernández*, 22 F.3d 384, 389 (1st Cir. 1994).

Plaintiffs plainly do not satisfy the demanding standards for post-judgment relief. Although Plaintiffs assert that the Court made "a clear error of law" in dismissing the case (Mot. 7), their convoluted motion never explains precisely how the Court supposedly erred.  Plaintiffs' motion and proposed TAC instead rely on rehashing of arguments Plaintiffs have made before and nowhere suggest that the Court overlooked or misapprehended any applicable law.  *See González-Camacho* v. *Banco Popular de Puerto Rico*, 318 F. Supp. 3d 461, 510 (D.P.R. 2018) ("A party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued.") (internal quotations omitted).

Nor do Plaintiffs point to any newly discovered evidence that they could not have brought to the Court's attention before judgment was entered.  Indeed, in their many pre-dismissal filings, Plaintiffs already submitted most of what they seek to add in their proposed TAC.  And none of

Plaintiffs' proposed amendments makes any substantive difference because Plaintiffs still clearly lack standing to assert direct claims on behalf of either themselves or GFC and BGF, and Plaintiffs' new allegations purporting to establish derivative standing fall well short of pleading particularized facts that could excuse the pre-suit demand requirement under Rule 23.1 and Puerto Rico law.

At bottom, Plaintiffs' motion for reconsideration is a transparent attempt to relitigate the Court's dismissal decision. That is not a valid basis for post-judgment relief. Plaintiffs' vexatious and increasingly frivolous efforts to keep this meritless case alive should be brought to an end.

## BACKGROUND

Plaintiffs Gregory Boyd and Jonathan Lassers are members of GFC, a limited liability company organized under Puerto Rico law and the parent company of BGF, which is in the natural gas business and headquartered in Puerto Rico. (ECF 131 ("Op.") at 2.)

On September 15, 2020, BPPR and BGF executed an agreement that provided BGF with access to a credit facility to finance the construction of a renewable liquified natural gas biorefinery. (Op. at 4; ECF 7-3.) From almost the outset, this project experienced difficulties, leading BGF to request multiple extensions on its debt payments. In total, BPPR agreed to amend the credit agreement seven times over three years to give BGF additional time to complete the project, begin production, and pay back its loan. (ECF 31-5-10; ECF 7-4.)

As the project foundered, Plaintiffs filed a lawsuit in this District in April 2022 against various members of GFC, third parties involved in the construction of the biorefinery, BPPR, and others, asserting claims under RICO. (SAC ¶ 115; ECF 7-2.) That case remains pending before Judge Méndez-Miró.

In July 2022, BPPR entered into a separate agreement with BGF for the purchase, sale, and delivery of renewable liquified natural gas ("RLNG"). (ECF 7-1.) Under this separate supply agreement, BGF agreed to begin providing RLNG to BPPR once BGF's biorefinery was

"operational."  (*Id.* at 19-20.)  Nothing in the RLNG supply agreement was conditioned on the credit agreement from 2020 or any of its later amendments.

In May 2024, BPPR filed a collections action in the Court of First Instance of Puerto Rico, seeking over $12 million from BGF and its guarantors, including Boyd.  (ECF 31-12 ¶ 84.)  In response, Boyd filed a rambling, 100-page answer and counterclaim alleging, among other things, that BPPR had conditioned the credit agreement (or one or more of its amendments) on BGF's agreement to supply RLNG in violation of the BHCA.  (ECF 31-13.)  In December 2024, Boyd filed this action, with Lassers joining him, based on the same allegations underlying Boyd's counterclaim in the collections action.  (ECF 1.)  The first amended complaint, filed shortly after Plaintiffs initiated the action, asserted a single claim against BPPR under the BHCA based on an allegation that BPPR unlawfully conditioned an extension of credit to BGF on BGF's agreement to supply RLNG on terms unfavorable to BGF.  (ECF 7.)

BPPR moved to dismiss the first amended complaint on two independent grounds: (i) Plaintiffs lacked standing to bring a BHCA claim against BPPR based on alleged injury to BGF, and (ii) Plaintiffs failed to plead a tying claim under the BHCA because the relevant contracts— both of which contain integration clauses—do not condition BPPR's extension of credit on BGF's agreement to supply RLNG to BPPR.  (ECF 20, 31.)  After BPPR's motion to dismiss was fully briefed, Plaintiffs moved to amend their complaint purporting to add BGF and GFC as plaintiffs represented by Boyd and Lassers' counsel.  (ECF 47.)  Plaintiffs' SAC also added a "Pendent Claim" asserting that BPPR breached an alleged fiduciary duty owed to BGF based on BPPR's status as Administrative Agent for the loan.  (SAC ¶¶ 255-57.)  After the Court granted leave to amend (ECF 55), BGF and GFC appeared in this action through their actual counsel and moved to strike Plaintiffs' unauthorized filings and to voluntarily dismiss the claims purportedly asserted on

their behalf (ECF 62-64).

In response, this Court scheduled a motion hearing. (ECF 101.) Two days before the hearing, "Judge Méndez-Miró issued a Memorandum & Order (Docket No. 800) in the case of *Gregory Boyd; et al.* v. *Olmar López-Vidal; et al.*, Civil No. 22-1190 adjudicating [the same] controversy, concluding that counsel for plaintiffs are not the actual and proper legal representatives of GFC and BGF." (*Id*.) At the motion hearing, this Court stated that, after careful consideration, it agreed with Judge Méndez-Miró's conclusion. (*Id*.) At the Court's direction, the parties later submitted simultaneous briefs addressing whether Plaintiffs have standing to pursue their claims individually. (ECF 113, 115.) Plaintiffs then filed an unauthorized second brief (ECF 117), to which BPPR responded (ECF 127).

On December 22, 2025, the Court issued an Opinion and Order dismissing this action in its entirety and entered final judgment. (ECF 131, 133.) The Court held that Boyd and Lassers had no authority to replace GFC and BGF's counsel and to add those companies as plaintiffs because, under GFC's operating agreement, "choosing, terminating, and hiring attorneys as well as deciding whether to join a litigation are decisions reserved to the Board of Managers." (Op. 14.) The Court also concluded that Boyd and Lassers lacked standing to assert their claims against BPPR because (i) "Boyd and Lassers seek to recover damages derived from injuries inflicted on BGF and GFC," not any direct injury, and (ii) "[t]he SAC does not plead, let alone plead with particularity," facts establishing standing under Rule 23.1 to sue derivatively on those companies' behalf. (*Id*. at 17, 21.) The Court declined to exercise supplemental jurisdiction over Plaintiffs' claim under Puerto Rico law. (*Id*. at 22.)

On January 20, 2026, after the Court entered judgment (ECF 133), Plaintiffs filed their motion for reconsideration seeking to amend their complaint a third time (ECF 134).

-5-

## ARGUMENT

**I.      The Court Should Not Reopen Its Judgment.**

**A.      Plaintiffs' Motion Must Satisfy The Demanding Standards Of Rule 59.**

Citing cases from the Eastern District of Tennessee, Plaintiffs invoke the Court's "inherent authority to reconsider, amend, and change its decisions" as the purported basis for their motion. (Mot. 5.)  That principle, however, applies only "until entry of judgment." *Nieves-Luciano* v. *Hernandez-Torres*, 397 F.3d 1, 4 (1st Cir. 2005).  After final judgment is entered, an action first must be reopened under Rules 59 or 60 before a court can reconsider a prior decision or grant leave to amend. *See Acevedo-Villalobos*, 22 F.3d at 389.[2]  As the First Circuit explained, "once judgment has entered, the case is a dead letter, and the district court is without power to allow an amendment to the complaint because there is no complaint left to amend." *Fisher* v. *Kadant, Inc.*, 589 F.3d 505, 509 (1st Cir. 2009).  Plaintiffs' motion overlooks this entirely.

"[A]ny motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under [Rule] 59(e), if it seeks to change the order or judgment issued" and is filed within 28 days of entry of judgment. *González-Camacho*, 318 F. Supp. 3d at 511; *Sánchez Rodríguez* v. *Departamento de Corrección y Rehabilitación*, 537 F. Supp. 2d 295, 297 (D.P.R. 2008).  Plaintiffs filed their motion on the last possible day before their time to seek relief under Rule 59 had lapsed.  The Court thus should consider Plaintiffs motion under Rule 59(e).

Post-judgment motions for reconsideration under Rule 59(e) are "extraordinary remedies which should be used sparingly." *Alberti* v. *Univ. of Puerto Rico*, 869 F. Supp. 2d 231, 233 (D.P.R.

---

[2] Although one of Plaintiffs' Tennessee cases did involve a post-judgment motion, the court made clear that "[i]n addressing [the] motion, the Court is *not* reconsidering, amending, or changing any of its previous decisions." *In re Moncier*, 2008 WL 3981491, at *1 (E.D. Tenn. Aug. 22, 2008) (emphasis added).

2012) (internal quotation marks omitted); *see also Vechioli-Cruz* v. *Santos-Onoda*, 2024 WL 1477713, at *10 (D.P.R. Mar. 14, 2024) (motions for reconsideration are contrary to the "interest in finality and conservation of scarce judicial resources."). Accordingly, "[t]hese motions are entertained by the courts only if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there exists an intervening change in law." *Sánchez Rodríguez*, 537 F. Supp. 2d at 297. Plaintiffs fall well short of making any such showing here. Instead, Plaintiffs' motion impermissibly seeks "to repeat old arguments previously considered and rejected." *Alberti*, 869 F. Supp. 2d at 233 (internal quotation marks omitted).

> **B.    Plaintiffs Have No Valid Basis For Seeking Relief From Judgment.**

> **1.    Plaintiffs Cannot Identify Any Error of Law.**

Plaintiffs argue that the Court's dismissal of their claims for lack of standing was based on a "clear error of law." (Mot. 7.) They never identify, however, the supposed error, nor do they point to any intervening change in the law. Their argument instead appears to be that, in view of the BHCA's "broad language," the Court should not have held that Plaintiffs' alleged injuries are derivative of their interests in GFC and BGF and thus cannot be asserted directly by Plaintiffs. (*Id*. at 6-9.) But that is simply a regurgitation of the same arguments Plaintiffs already made and this Court already rejected, not an issue of law that the Court overlooked. Indeed, Plaintiffs expressly concede "that it was not the Court that 'overlooked' anything." (*Id*. at 5.)

As the Court recognized, it is well settled that "'[a]ctions to enforce corporate rights or redress injuries to [a] corporation cannot be maintained by a stockholder in his own name . . . even though the injury to the corporation may incidentally result in the depreciation or destruction of the value of the stock.'" (Op. 17 (quoting *Pagán* v. *Calderon*, 448 F.3d 16, 28 (1st Cir. 2006)).) The law is clear that stockholders of a corporation (or, in this case, members of an LLC) lack "standing to sue in their personal capacities unless the alleged misconduct causes harm to them

separate and distinct from the injury inflicted upon the [company]." *Pagán*, 448 F.3d at 29.

Plaintiffs do not dispute that they seek "to recover damages derived from injuries inflicted on BGF and GFC." (Op. 17.)  Instead, again relying primarily on *Swerdloff* v. *Miami National Bank*, 584 F.2d 54 (5th Cir. 1978), they argue that "individual shareholders and guarantors possess customer status" under the BHCA, which supposedly gives them standing to assert plainly derivative injuries in a direct action.  (Mot. 8.)  Plaintiffs made this same argument in their prior briefs.  (*E.g.*, ECF 115 at 6-9; ECF 117 at 17.)  As this Court already concluded, however, *Swerdloff* is "patently distinguishable."  (Op. 18-19.)  In that case, the defendant bank conditioned a financing arrangement with a company on the plaintiffs personally selling 51% of their shares in the company to another bank customer.  (*Id.* at 18.)  Here, in contrast,"[t]he alleged tying arrangement . . . was imposed on BGF—not on Boyd."  (*Id.*)

Plaintiffs also rehash their argument that *Pagán* supposedly establishes an exception to the rule that shareholders cannot assert direct claims based on derivative injuries.  (TAC ¶¶ 282-86.)  As this Court previously explained in rejecting that argument, *Pagán* "merely noted that 'case law also *suggests* that there *may* be room for an exception if it is absolutely inconceivable that the corporation itself would pursue a claim for the misconduct.'"  (Op. at 18 (quoting *Pagán*, 448 F.3d at 28).)  But Plaintiffs here cannot avail themselves of that potential exception because they have not alleged any injury at all that is "peculiar to [them] alone."  (*Id.*)

### 2. Plaintiffs Identify No New Evidence That They Could Not Previously Have Obtained.

Under Rule 59(e), a motion for reconsideration may be based on newly discovered evidence, but "[a] party asking a court to reconsider its judgment on this basis must show that [it] could not in the exercise of reasonable diligence have obtained [the] new evidence earlier." *City of Miami Fire Fighters' & Police Officers' Ret. Tr.* v. *CVS Health Corp.*, 46 F.4th 22, 36 (1st Cir.

2022) (internal quotation marks omitted); *Spaulding* v. *Bondi*, 2026 WL 189488 at *1 (D. Mass. Jan. 23, 2026) ("Because these materials were available to Plaintiffs before entry of judgment, they cannot be characterized as newly discovered and therefore cannot support relief under Rule 59(e).").

Plaintiffs do not come close to satisfying this standard.  It is not even clear what "new evidence" Plaintiffs say justifies reconsideration, much less why they could not have obtained that evidence before judgment was entered.  Plaintiffs' motion and proposed TAC consist mostly of allegations that Plaintiffs previously submitted to the Court in their many prior filings.  And to the extent Plaintiffs' papers introduce any new facts not alleged in their earlier filings, Plaintiffs admit that, "quite candidly, *it was Plaintiffs who failed to amend their Complaint* via Rule 15(d) to supplement with additional facts" at an earlier stage of the case.  (Mot. 5 (emphasis added).)  This concession that any additional facts could have been submitted earlier is fatal to Plaintiffs' motion.

## II.    Plaintiffs' Proposed Amendments To Their Complaint Are Futile.

Even if the Court were to consider Plaintiffs' proposed TAC, Plaintiffs' motion still should be denied because Plaintiffs' proposed amendments do not cure their lack of standing or their failure to state a claim.  "If a proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, [a] district court acts within its discretion in denying the motion to amend."  *3137, LLC* v. *Town of Harwich*, 126 F.4th 1, 16 (1st Cir. 2025) (internal quotation marks omitted).

### A.    Plaintiffs' Proposed Amendments Do Not Establish That They Have Authority To Direct BGF's Or GFC's Litigation Decisions.

The proposed TAC does not remedy Plaintiffs' inability to override the GFC Board of Managers and cause GFC and BGF to retain new counsel and appear in this action as plaintiffs. Plaintiffs suggest that the Court rejected their attempt to add GFC and BGF as plaintiffs merely

because Plaintiffs failed to allege facts concerning GFC and BGF's "void hiring" of their counsel, a "formality" Plaintiffs claim the TAC remedies.  (Mot. 2, 5.)  That is incorrect.  This Court explained in detail why the GFC Board of Managers retains the authority to make litigation decisions, including the hiring of counsel, notwithstanding Plaintiffs' allegations.  (Op. 9-14.)  This is a matter of straightforward contract interpretation—the Board of Managers has the authority to direct the companies' litigation decisions under GFC's operating agreement, which cannot be amended without the consent of the Series A unitholders.  (*Id.*)  Nothing Plaintiffs allege in their proposed TAC can change that contractual language.

In dismissing this action, the Court noted that Plaintiffs' vague accusations that non-party GFC board members breached fiduciary duties in connection with the sale of BGF's assets last year have no relevance to this case because "no such cause of action was explicitly asserted in the SAC."  (Op. 12.)  But the Court in no way invited Plaintiffs to amend their complaint.  To the contrary, the Court explained that Plaintiffs' "argument is premised on this court having jurisdiction to adjudicate what in effect is a state law controversy within a federal question case in which neither the members of the Board of Managers nor the purchaser of BGF's assets are parties," which presents an "unsurmountable jurisdictional hurdle."  (*Id.*)  That hurdle remains.

Plaintiffs' suggestion that the Board of Managers is somehow not properly constituted or did not properly authorize GFC's counsel to act on its behalf (TAC ¶¶ 198-200, 264-70) likewise gets them nowhere.  Even if those allegations could somehow satisfy the demanding standards for relief from judgment (they cannot), Plaintiffs are still asking this Court to rule on a corporate-governance dispute, under Puerto Rico law, between themselves and individuals who are not parties to this action in which Plaintiffs allege a distinct federal claim supposedly arising from entirely different transactions between BPPR and BGF.  Plaintiffs' proposed TAC also includes

legal arguments—in the guise of factual allegations—about the powers of the Board of Managers and Series A unitholders under GFC's operating agreement. (TAC ¶¶ 202-11.) This is just another attempt to revisit arguments that the Court already considered and rejected.

**B.    Plaintiffs' Proposed Amendments Do Not Establish That They Have Standing To Assert Their BHCA Claim Against BPPR Directly.**

Although Plaintiffs' proposed TAC includes new allegations about direct injuries that Plaintiffs supposedly suffered, these allegations merely (i) restate Boyd's assertion, already rejected by the Court, that he has been injured by his guaranty of BPPR's loan, and (ii) assert injuries arising from transactions that are entirely unrelated to the credit and gas supply agreements at issue here. (*See* TAC ¶¶ 287-94.) For example, Plaintiffs allege that they "received nothing from the Asset Acquisition Agreement" pursuant to which GFC sold BGF's assets last year. (*Id*. ¶ 290.) But that allegation plainly does not establish any direct injury resulting from BPPR's alleged BHCA violation in connection with the credit and supply agreements years earlier.

**C.    Plaintiffs' Proposed Amendments Do Not Establish Standing To Assert Their BHCA Claim Derivatively On Behalf of BGF And GFC.**

The proposed TAC attempts to plead, for the first time, that Plaintiffs have derivative standing to assert claims on GFC's behalf because "[n]o disinterested, independent director exists to whom demand could be made." (TAC ¶ 276.) This new allegation is too little, too late.

Under Rule 23.1, a plaintiff seeking to assert a claim derivatively on a company's behalf must "allege with particularity" that he has made a pre-suit demand on the company's board or that "such a demand would have been futile." *Unión de Empleados de Muelles de P.R. PRSSA Welfare Plan* v. *UBS Fin. Servs. Inc. of P.R.*, 704 F.3d 155, 163 (1st Cir. 2013). Because "Puerto Rico law does not specifically elaborate the requirements of demand or when it is excused," courts in Puerto Rico "look to Delaware corporate law, on which Puerto Rico corporate law is modeled." *Id.* (internal quotation marks omitted).

-11-

To establish demand futility under Delaware law, Plaintiffs "must plead with particularity facts establishing that a majority of the directors on the demand board are subject to an influence that would sterilize their discretion with respect to the litigation demand." *Tri-State Pension Fund* v. *Zuckerberg*, 262 A.3d 1034, 1056 (Del. 2021). "Vague or conclusory allegations do not suffice to challenge the presumption of a director's capacity to consider a demand." *Glean Tech Fund II LP* v. *McIntosh*, 2025 WL 2505049, at *11 (Del. Ch. Sept. 2, 2025) (internal quotation marks omitted). "[T]he allegations must satisfy the stringent requirements of factual particularity." *Id*.

To bring a BHCA claim against BPPR, Plaintiffs must allege that a majority of GFC's Board of Managers was incapable of acting on a demand when Plaintiffs initially filed this action in December 2024. *See In re Sonus Networks, Inc., S'holder Derivative Litig.*, 499 F.3d 47, 69 (1st Cir. 2007) ("The plaintiffs' burden is to show that a demand on the directors would have been futile at the time they filed their suit, not at a later time."). This standard requires Plaintiffs to plead particularized facts, on a "director-by-director" basis, showing that a majority of board members suffered from disabling conflicts when Plaintiffs first filed this action. Under the test articulated by the Delaware Supreme Court, this Court should consider for each manager:

(i)     whether the [manager] received a material personal benefit from the alleged misconduct that is the subject of the litigation demand;

(ii)    whether the [manager] faces a substantial likelihood of liability on any of the claims that would be the subject of the litigation demand; and

(iii)   whether the [manager] lacks independence from someone who received a material personal benefit from the alleged misconduct that would be the subject of the litigation demand or who would face a substantial likelihood of liability on any of the claims that are the subject of the litigation demand.

*Zuckerberg*, 262 A.3d at 1059. "If the answer to any of the questions is 'yes' for at least half of the members of the demand board, then demand is excused as futile." *Id*. The proposed TAC's allegations do not come close to supplying the "stringent . . . factual particularity" needed to

question the impartiality of a majority of GFC's Board of Managers as of December 2024. *Glean Tech Fund II LP*, 2025 WL 2505049, at \*11 (internal quotation marks omitted).

Plaintiffs' allegations that members of the Board of Managers suffered from supposed conflicts have no relevance here because all the purported conflicts relate to transactions and events that have nothing to do with the companies' purported BHCA claim against BPPR. As the Delaware Court of Chancery explained:

> Demand futility is assessed based on the particular corporate claim that a stockholder plaintiff wishes to assert. . . . [A] director might be able to exercise disinterested and independent judgment for purposes [of] one claim, but not for purposes of another. . . . The proper inquiry for purposes of demand futility is whether the director could exercise disinterested and independent judgment with respect to a decision to embark on litigation over the [transaction at issue]. If a director received a material personal benefit from the [transaction], would face a substantial likelihood of liability in connection with a lawsuit challenging the [transaction], or was not independent of someone who did or would, then that director cannot exercise disinterested and independent judgment.

*United Food & Com. Workers Union* v. *Zuckerberg*, 250 A.3d 862, 891-92 (Del. Ch. 2020); *see also Landy* v. *D'Alessandro*, 316 F. Supp. 2d 49, 62 (D. Mass. 2004) (finding that "any disqualifying director interest must be interest that relates to the challenged transaction").

Plaintiffs allege that (i) three of the five board members whom they identify (López Gómez, Borschow, and Villarini) received payments under the 2025 agreement to sell BGF's assets, (ii) one board member (an unnamed "VRM-Penzini representative") acts for the "owner of [the] buyer" of BGF's assets, (iii) one board member (López Vidal) "received undisclosed compensation" that the proposed TAC does not describe, and (iv) two board members (López Vidal and López Gómez) collected "millions" in payments from a related company. (TAC ¶¶ 272-75.) But these allegations do not establish that any board member had a disabling conflict to consider a potential BHCA claim against BPPR because none pleads (with particularity or otherwise) that any board member received a "material personal benefit" from the credit and

supply agreements that are the subject of the BHCA claim. Moreover, Plaintiffs' allegations about supposed conflicts arising from the sale of BGF's assets in 2025 have no possible bearing on whether board members were incapable of acting on a demand to bring a BHCA claim against BPPR in December 2024.[3]

Plaintiffs' conclusory allegations that board members face a substantial likelihood of liability under the second prong of the *Zuckerberg* test fail for the same reasons. Those allegations all relate to board members' alleged liability for *other, unrelated* alleged claims, *not* the BHCA claim at issue here. (*See Id.*) As for the third prong of the *Zuckerberg* test, because Plaintiffs have not pled particularized facts establishing that any board member received a relevant personal benefit or faces a relevant likelihood of liability, they cannot plead that any other board members lack independence from such a conflicted member. *See Zuckerberg*, 262 A.3d at 1059.

### D.    The Proposed TAC Still Fails To State A BHCA Claim.

Although the Court need go no further, there is yet another reason to deny Plaintiffs' motion. As BPPR previously explained (ECF 31 at 18-23), Plaintiffs' BHCA claim fails as a matter of law because the credit agreement and supply agreement, both of which contain their own integration clauses, do not condition one upon the other. In *Executive Leasing Corp.* v. *Banco Popular de Puerto Rico*, 48 F.3d 66, 69 (1st Cir. 1995), the First Circuit held that even where, unlike here, a plaintiff offers "extrinsic evidence" of conditionality, a BHCA claim still fails as a matter of law if "no such restriction appears in the agreement itself, and the loan agreement, by its clear language, constitutes the entire agreement among the parties" (internal quotation marks

---

[3] The proposed TAC includes a number of scattershot additional allegations that cast vague aspersions on various board members—*e.g.*, allegations that one board member committed unspecified "securities fraud" and that another somehow "used" that fact to "gain leverage" in some unspecified way (TAC ¶ 191)—that have no conceivable relevance to the demand futility analysis under *Zuckerberg* and should be ignored.

omitted).  Plaintiffs do not allege that the credit agreement or any of its amendments were expressly conditioned on the supply agreement (or vice versa), and the integration clauses in each of those agreements leave no doubt that they constitute the parties' entire agreements with respect to their subject matter.  *See Vulcan Tools of Puerto Rico* v. *Makita USA, Inc.*, 23 F.3d 564, 567 (1st Cir. 1994) (under Puerto Rico law, "[w]hen an agreement leaves no doubt as to the intention of the parties, a court should not look beyond the literal terms of the contract.").  Thus, even if Plaintiffs had standing to assert a BHCA claim against BPPR, their proposed amendments are still futile because no such claim is legally viable given the terms of the credit and supply agreements.

> **E.       The Proposed TAC Does Not Disturb The Court's Decision To Decline To Exercise Supplemental Jurisdiction Over Plaintiffs' State-Law Claims.**

The Court declined to exercise supplemental jurisdiction over Plaintiffs' "throw-away" state-law claims "in the interest of judicial economy, convenience, fairness, and comity."  (Op. 1, 22.)  Plaintiffs' motion does not challenge that ruling.  The proposed TAC nevertheless tacks on another "throw-away" state-law claim for unjust enrichment.  (TAC ¶¶ 306-24.)  There is no reason to treat that claim any differently.  It is thus not a reason to grant Plaintiffs' motion.

## CONCLUSION

For the foregoing reasons, BPPR respectfully requests this Court deny Plaintiffs' motion.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 3rd day of February 2026.

**IT IS HEREBY CERTIFIED** that on this same date, the undersigned counsel electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP** | **PIETRANTONI MÉNDEZ & ALVAREZ LLC** |
| 125 Broad Street | Popular Center, 19th Floor |
| New York, New York  10004 | 208 Ponce de León Avenue |
| Telephone:  (212) 558-4000 | San Juan, Puerto Rico 00918 |
| Facsimile:  (212) 558-3588 | Telephone: (787) 773-6000 |
| | Facsimile: (787) 274-1470 |
| /s/ Richard C. Pepperman II | |
| (*Pro hac vice*) | /s/ María Dolores Trelles Hernández |
| peppermanr@sullcrom.com | USDC-PR Bar No. 225106 |
| | mtrelles@pmalaw.com |
| /s/ Benjamin R. Walker | |
| (*Pro hac vice*) | /s/ María Elena Martínez |
| walkerb@sullcrom.com | USDC-PR Bar No. 305309 |
| | mmartinez@pmalaw.com |
| /s/ Stella S. Meyer | |
| (*Pro hac vice*) | |
| meyerste@sullcrom.com | |

Attorneys for Defendant Banco Popular de Puerto Rico

-16-